Denio, C. J.
It appears from the opinion of the supreme court, with which we have been furnished, that no doubt was entertained by the judges of that court but that the contract of insurance upon which this action was brought was invalid, nor but that it ought to have been so held, if the defendants had not committed a fault in pleading, by which, as it is decided, they had lost the advantage of that defence. It appears, however, that all the evidence to show the position which Stevens occupied when he executed the policy of insurance, as the agent of both parties, was received without objection; and that as to that question, there was no allusion to the pleadings in the course of the trial. This ground was taken by the defendants’ counsel on the motion for a nonsuit and again after the evidence had closed, and yet no answer based upon a supposed defect in the defendants’ pleadings appears to have been suggested by the counsel or by the court. The answer does deny the fact of the contract, and that Stevens was the agent of the defendants, or was authorized to sign the policy of insurance. I suppose' that, in the mind of the pleader, this denial was predicated of his supposed incompetency to act as the agent of the defendants in a contract when he was at the same time acting as the secretary and agent of the plaintiffs. If the principle admitted by the supreme court is correct, it sustains the general denial in the answer; though it is obvious that it would have been more frank to have averred the special facts out of which his incompetency arose. There is, however, no reason to believe that the plaintiffs were misled or surprised by the defence set up under the general pleading.
*90 If they had been, they would naturally have objected to the evidence; and it would then have - been competen t for the defendants, if the point had been ruled against them, to move for an amendment, or for such other relief as would secure them from the loss of their defence. It was argued by the plaintiffs’ counsel that the cross-examination of Stevens, on the part of the defendants, by which his relation to the plaintiffs’ company was made to appear, was competent with a view to his credibility, and therefore that no inference prejudicial to the point now made upon the pleadings should be indulged. This is not quite satisfactory. The examination went much farther than was necessary to disclose the witnesses’ relation to the plaintiffs, with a view to show a bias. The resolution of the directors requiring him as secretary to reinsure a class of risks in which this was embraced was proved on the cross-examination without objection. • This evidence was not pertinent, except with a view to the ground of defence now insisted on. I am of opinion that the defendants are free to rely upon this defence upon this appeal.
I think the supreme court was right in the opinion that the contract of insurance was invalid, for the.reason which has been mentioned. As the courts of the state are now constituted, they apply legal and equitable rules and maxims indiscriminately in every case. In a suit which could not formerly have been defended at law, but as to which the defendant would have been relieved in equity, he can now have the like relief in the first action. (Code, §§ 69, 150; Dobson v. Pearce, 2 Kern., 157.) And such relief consists in denying to the plaintiffs a right to recover. It was always theoretically unreasonable (though practically less objectionable than has been supposed), that in one branch of the judiciary the court should hold that the party prosecuted had no defence, while in another branch the judges should decide that the plaintiff had no right to recover. The authors of the Code, aiming at greater theo *91 retical perfection, have abolished the anomaly; and now when an action is prosecuted we inquire whether, taking into consideration all the principles of law and equity bearing upon the case, the plaintiff ought to recover. It has been settled by a long course of adjudications in the courts of equity, that a trustee or agent of one person cannot make a valid contract respecting the subject matter to which the trust or agency relates, where he has a personal interest. His constituent, it is said, is entitled to have all his skill and judgment employed in his service; xbut if he is himself the other party to the contract, the utmost which could be expected from a very honest man would be the ordinary fairness of an umpire. The English.cases are, for the most part, collected in Paley’s Principal and Agent., by Lloyd, 33, and the notes. The courts of this state have followed the principle of these cases with great constancy, and the rule 'may be considered perfectly well settled. (Torrey v. The Bank of Orleans, 9 Paige, 663; Van Epps v. Van Epps, id., 237; Hawley v. Cramer, 4 Cow., 736; Bostwick v. Atkins, 3 Comst.., 53.) It is not necessary for a party seeking to avoid a contract on this ground-to show that an improper advantage has been gained over him. It is at his option to repudiate or to affirm the contract irrespective of any proof of actual fraud. The principle has been most frequently applied to executed contracts and to sales of land or goods, but in its nature it is equally applicable to executory agreements and to other subjects. The parties to the contract in this case are both corporations, and must of course transact their business through the instrumentality of agents; and Mr. Stevens was the agent of both parties. The plaintiffs were entitled to all his skill and abilitv, and the defendants had the like claims upon him. Neither required the services of an indifferent person, whose object might be to secure equal advantages to both the contractors. No one will contend that he, as the defendants’ agent, could have made a con *92 tract to insure himself; but his duty to the plaintiffs required that he should act in their behalf with all the sagacity and discretion which a fair man would have exercised in his own business. There was therefore a manifest inconsistency in his attempting to negotiate this insurance as the agent for the insurers and the assured. The precise case of one person assuming to act as the agent of both parties has been considered as within the rule. (Copeland v. Mercantile Ins. Co., 6 Pick., 198; Story on Agency, § 211; Paley on Agency, by Dunlap, 33 and note (3); ex parte Bennett, 10 Ves., 381.) It is unnecessary to go the length of saying that there was no contract, in strictness of law, though there are some cases which hold that where a bargain is made by a person representing both parties as the agent of each, it is simply a nullity for want of the aggregatio mentium which is necessary to the existence of a contract. (Florence v. Adams, 2 Robinson's, 556; Beal v. McKinnan, 6 Lou. R., 407.) It is enough for the present case to hold that this policy was made under circumstances which would enable the defendants to avoid it upon the principles of equity, and that it is sought to be enforced in a court where these principles are among the grounds of decision. The same question now presented lately arose upon a policy of insurance in the supreme court in the fifth district, and that court held the contract void. (Utica Ins. Co. v. Toledo Ins. Co., 17 Barb., 132.) The opinion of the court, by Mr. Justice Allen, contains a sound exposition of the law.
The letter of Mr. Stevens to the defendants’ secretary did not disclose his connection with the plaintiffs’ company. What is said, as to “ risks on property where our company have risks,” would not necessarily or probably be understood to refer to a company of which the writer was an officer. The expression would naturally be regarded as having reference to an insurance company located in the village in which the writer resided. But if this were *93 otherwise, the answer of the secretary did not authorize tne policies which he sent to be issued to that or to any other company in particular, or in a case where it would not be lawful to use them. If it shall be shown on a future trial that the officers of the defendants’ company knew or had information of the fact that Mr. Stevens was the secretary of the plaintiffs, it will raise a different question from the one now discussed and decided.
The judgment of the supreme court must be reversed and a new trial ordered.
All the judges except Mitchell, J., who delivered an opinion in favor of affirmance, and Comstock, J., who having been counsel in the cause took no part in the decision, concurred in reversing the judgment on the ground stated in the foregoing opinion.
Judgment reversed