## JENNINGS v. WARNOCK *et al.*

1. **Attachment:** RIGHTS OF INTERVENOR. Where an adverse judgment is rendered in an attachment proceeding before a justice of the peace against an intervenor, claiming the property, his appeal to the circuit court and the execution of an appeal bond do not entitle him to the possession of the attached property.

2. —— DELIVERY BOND. A bond executed by such intervenor after judgment, and not containing the conditions prescribed for a delivery bond, nor executed in the manner provided by statute, cannot be regarded as a delivery bond, though executed as such, and will not entitle the intervenor to the possession of the attached property.

3. **Abatement:** PENDENCY OF ANOTHER ACTION. The pendency upon appeal of an intervenor's claim for attached property constitutes a bar to a proceeding in replevin for the property by the same parties.

*Appeal from Lee Circuit Court.*

TUESDAY, OCTOBER 21.

THE plaintiff filed in the Lee circuit court a petition claiming of the defendants R. Warnock, James Lynch and W. O. Hoppe the immediate possession of one dark-brown mule and one set of double harness, alleging that defendants claim to hold the same under an attachment sued out by the defendant W. A. Hoppe, against James Byers, and levied upon said property ;

that James Byers had no interest therein; that plaintiff filed a petition of intervention before Thomas Martin, a justice of the peace, before whom said attachment proceeding was pending, claiming said property as the owner thereof, and that judgment was entered against plaintiff, as intervenor in that action; that he has appealed from said judgment and filed an appeal bond, which is also a delivery bond, which has been approved by said justice.

A demurrer to this petition was sustained, and the plaintiff thereupon filed an amended petition, setting up in substance the following additional facts: that prior to the commencement of this replevin suit an execution had been issued in the case of *Hoppe* v. *Byers*, and had been levied upon the property replevied, and the same was advertised for sale, and plaintiff prior to the commencement of this suit, and after the filing of the appeal bond, made demand upon the justice before whom said suit was tried for an order to the constable to release said property, and that he also made demand upon the constable for said property, and that both refused; that James Lynch, the constable, was proceeding with said execution and was about to sell, whereby it became necessary to take some steps to recover possession. To the petition as thus amended a demurrer was interposed, which was overruled.

The defendants Hoppe and Lynch filed their answer, setting up the former adjudication against plaintiff as intervenor in the case of *Hoppe* v. *Byers*, and alleging that the controversy was still pending upon appeal in the circuit court, and that it constituted a bar to the action of replevin.

They further allege that Byers made a fraudulent and void sale of the property in controversy to the plaintiff, for the purpose of hindering, delaying and defrauding the creditors of Byers, and that Hoppe obtained judgment against Byers, and the property in controversy is liable therefor.

The defendant Robert Warnock filed his answer, claiming a lien upon the property for care and keeping thereof, at the instance and request of the officer who had the same in possession.

Upon the trial, plaintiff introduced testimony tending to prove the sale of the property to him by Byers, and its loan to Byers shortly before the attachment was served, and also his demand for the property after filing the appeal bond, in suit of *Hoppe* v. *Byers.*

The bond of the intervenor was filed with and approved by the justice on the 19th day of March, 1872, the same day that his petition in replevin was filed, and, in addition to the usual conditions of an appeal bond, contains the following:

"And whereas the said attached property, the said mule and harness, being the property of the said George W. Jennings, and the said George W. Jennings desiring to get said property, this is also intended as a delivery bond as well as an appeal bond. Now, if the said property, if held liable in said appeal, shall be delivered up as provided by law, then as a delivery bond, the same shall be void. And if, upon appeal, said judgment be affirmed, then judgment may be entered against said security hereto, same as shall be entered against said George W. Jennings."

The defendants introduced testimony tending to show that the sale to Jennings, by Byers, of the property in controversy, was fraudulent, and also introduced the record of proceedings before the justice of the peace in the case of *Hoppe* v. *Byers,* showing judgment against Byers, the petition of Jennings as intervenor, the judgment against him, and his appeal therefrom.

Jury trial. Verdict that plaintiff is entitled to the property described. Judgment for plaintiff for the possession and right of property.

Defendants filed a motion for a new trial, whereupon the plaintiff relinquished so much of the verdict and judgment as found the right of property in him, and the court overruled the motion. Defendants appeal.

*G. Brown* for the appellants.

*Gillmore & Anderson* for the appellee.

DAY, J. — It will more conduce to both clearness and brevity to consider the general principles underlying this case, than to discuss and determine, *seriatim*, the various errors assigned.

**1. ATTACHMENT.**

Appellee concedes that an action pending is a bar to a subsequent suit between the same parties, involving substantially the same issue.

The claim here, however, is that the taking of the appeal and the filing of the bond executed by the intervenor gave him a new and distinct right to the possession of the property, which did not exist at the time his rights as intervenor were determined in the proceeding appealed from, and which, therefore, were not involved in that issue, and could not have been determined by the judgment therein rendered. And this is the only tenable ground upon which the plaintiff can base his right to maintain this action.

The filing of the petition of intervention in the principal action, it is clear, did not, of itself, entitle the intervenor to the possession of the property attached. It conferred upon the intervenor only the right to contest the ownership of Byers, and to show that the title to the property was in the intervenor. And· it would be only after a judgment in his favor that he would become entitled to the possession. Judgment having gone against the intervenor, his appeal simply entitled him to a re-trial of the same question in another court. His appeal bond, in so far as it is to be considered an appeal bond merely, entitled him only to a suspension of execution until his rights could be determined in the appellate court. But it did not entitle him to the possession of the property until it should be judicially determined that he owned the same, and was entitled to the possession.

If the bond, then, conferred upon plaintiff any new right as regards the possession of the property, it is because it partakes of the nature of, and is to be regarded as a delivery bond as well as an appeal bond.

**2. —— delivery bond.**

It seems to us clear that the bond in question, although it

states that it is intended as a delivery bond, is not one, and cannot be regarded as such, for several reasons.

1. A delivery bond is executed before judgment; this was not executed until after judgment.

2. A delivery bond is to be approved by the sheriff; this was approved by the justice.

3. A delivery bond is conditioned that the property, or its estimated value, shall be delivered to the sheriff to satisfy any judgment obtained within twenty days after the rendition thereof; the bond in question does not contain such conditions.

4. When a delivery bond is executed, the value of the property to be released is to be determined by appraisers summoned by the sheriff; nothing of that kind seems to have been done. See Rev., §§ 3219, 3220. The bond, therefore, not being executed as a delivery bond, can have no further or greater effect than a mere appeal bond, suspending for the time the right to execution, but not affecting the existing rights of the parties as to the possession of the property.

The court erred, therefore, in instructing the jury, in substance, that if they found that plaintiff appealed from the adjudication against him as intervenor, and gave an appeal bond which the justice approved, and that an execution issued and was levied upon said property, and the constable was proceeding to sell thereunder; and that after the approval of such bond, and before bringing the replevin suit, plaintiff made a demand of said justice to issue an order to the constable to release said property from execution, and he refused to do so, the plaintiff became the owner of the property, and entitled to the possession, and they should find for plaintiff.

The above facts, if found to exist, would not make plaintiff the owner of the property, nor entitle him to the possession. They would entitle him only to an order, suspending, for the time, the execution.

If the justice refused, upon proper demand, to make such order, he might be compelled by mandamus to do so; and, if necessary to the protection of plaintiff's rights, perhaps a court

of equity would restrain the sale under the execution until the intervenor's rights could be determined on the appeal.

And, for the reasons above set forth, the court erred in refusing to give the following instruction asked by defendants, to wit:

"If the jury find, from the evidence, that a suit is pending between the parties, George W. Jennings and W. O. Hoppe, in reference to the property in controversy, which is still undetermined between them, and they further find that they are the real parties in interest in the case on trial, and the others are mere nominal parties to the suit, then plaintiff is not entitled to recover in this action, and they should find for defendant."

3. ABATEMENT.

The foregoing discussion indicates our view of the entire case, and leads to the conclusion that the judgment of the circuit court must be

Reversed.