### The C. & S. W. R. Co. v. Heard.

1. **Practice:** CONTINUANCE: ABSENT WITNESSES. A motion for a continuance, based upon the filing of a deposition after the commencement of the term which the applicant expects to be able to contradict, must give the facts which the absent witnesses will testify to.

2. ————: CHANGE OF VENUE. It was *held* not to be error for the court to refuse to grant a change of venue on account of prejudice of the judge, where affidavits upon which the application was based were defective and amended affidavits in compliance with the statute were not offered until the case had been reached for trial.

3. **Abatement:** PENDENCY OF ANOTHER ACTION. The pendency of an action at law by the owner of land through which a railway passes for damages for the appropriation of right of way cannot be pleaded in abatement of an equitable action by the railroad company against the land owner to compel specific performance of an agreement to convey the right of way in controversy.

*Appeal from Mahaska District Court.*

WEDNESDAY, OCTOBER 18.

ON the 11th day of February, 1873, the plaintiff filed in the Mahaska District Court a petition, alleging in substance, that on the 2d day of September, 1869, the defendant executed a certain writing, by which he agreed to convey to the Iowa Railroad Company and their assigns not exceeding one hundred feet in width over any land owned by him, for a railroad; that plaintiff became the owner of said writing as assignee of the Iowa Railroad Company, and built a railway over defendant's lands in exact accordance with the stipulations of said writing; that after the completion of the railway over defendant's lands, the defendant, instead of conveying the right of way, on the 20th day of December, 1870, commenced a suit in the District Court of Jefferson county, at law, against plaintiff for the recovery of damages for the construction of the railway over his premises; that the venue in said suit was changed to the Mahaska District Court, where the same is now pending and where there have been two jury trials, one at the October Term, 1871, resulting in a verdict for plaintiff in that action,

Heard, for $2,000, and one at the October Term, 1872, resulting in a verdict for plaintiff, Heard, for $895.33½; that both verdicts were, on motion of the defendant in that action, set aside by the court; that after the verdict at the October Term, 1872, had been set aside, the plaintiff in this action, defendant in that, asked leave to file an amended answer, setting up the writing referred to in this petition, as an equitable defense, and praying a decree of specific performance, but leave to file such amendment was refused. Plaintiff prays a writ of injunction restraining Heard from further proceeding in the law action, and that he be decreed to specifically perform his agreement to convey the right of way.

On the 12th day of February, 1873, an injunction was issued, and it was duly served on the defendant, Heard, on the 15th of the same month. On the 13th day of August, 1873, the defendant answered, in substance denying that he ever signed the writing referred to in plaintiff's petition, and denying that plaintiff ever became the owner thereof; and pleading as matter of abatement the law action pending between the same parties. On the same day the defendant filed a motion for the dissolution of the injunction. On the 16th day of December, 1873, the court sustained the motion for dissolution of injunction, and continued the cause.

On the 31st day of January, 1874, plaintiff appealed from the dissolution of the injunction, and filed a supersedeas bond.

On the 18th day of February, 1875, defendant filed a motion for continuance, which was overruled. On the 20th day of February, defendant filed a motion for a change of the place of trial, which was overruled.

On the 22d day of February, 1875, the cause was submitted to the court to be decided in vacation. The court decreed that the defendant within thirty days execute and deliver to plaintiff a deed conveying the right of way over the land in controversy, and that defendant be enjoined from further proceeding in his suit at law, excepting that portion of his claim relating to damage done his crop and premises outside the right of way. The defendant appeals.

*Culbertson & Jones* and *John F. Lacey*, for appellant.

*D. P. Stubbs* and *Slagle & Acheson*, for appellee.

DAY, J.—I.  Appellant assigns as error the action of the court in overruling the motion for a continuance.  The court

1. PRACTICE: continuance: absent witnesses.

convened on the 15th day of February.  On the 18th, defendant filed his motion for continuance. The affidavit for continuance is made by the attorney of defendant, and is based upon the ground that, since the commencement of the term of court, to-wit, on the 16th of February, plaintiff had filed the deposition of one M. T. Hurd, which is material and pertinent, and which defendant had had no opportunity to contradict.  This application was properly overruled for several reasons.  It was not made until the fourth day of the term, and no excuse is shown for the delay.  Code, section 2752.  It does not state what facts the absent witnesses will testify to; but states that affiant cannot set forth such facts.  Although the deposition of Hurd was filed since the commencement of the term, it was taken before, and for aught that appears, months before it was filed. Defendant may have had the most ample opportunity to take testimony contradicting it.

II.  Appellant assigns as error the overruling of the motion for a change of venue.  This motion was made on the 20th of

2. ———: change of venue.

February, upon the ground of the prejudice of the judge.  The affidavits in support of the motion omitted to state that the persons making them were disinterested in the result of the suit.  The attorney of defendant filed his affidavit, stating that the parties making the affidavits as to the prejudice of the judge were not interested in the suit. The court held the affidavits insufficient, and overruled the motion.  On the 22d day of February, the defendant asked leave to file amended affidavits, supplying the omission.  The court refused the defendant permission to file the amended affidavits.  The bill of exceptions shows the following state of facts:  "The case was called for trial peremptorily before defendant filed his application for continuance; that said

motion for a continuance was filed after said cause had been called for trial, and the cause had been passed on the peremptory call of the docket to allow the defendant to amend his application for a continuance; that after, and on the next day after the amended application for a continuance had been overruled, the defendant filed his application for a change of place of trial; that said motion and application were overruled, and after such ruling, and after another cause had been tried, and just as the cause was again reached in its regular order, defendant asked leave to amend his former application, which leave was refused." Under the circumstances disclosed, we cannot say that the court erred in refusing permission to amend the application for change of venue. Defendant did not file his motion for continuance until the fourth day of the term, when the cause was reached for trial. The cause was passed on the peremptory call of the docket to allow defendant to amend his application for a continuance. This being overruled, the application for a change of venue was resorted to, although from aught that appears all the knowledge respecting the prejudice of the judge was possessed before the filing of the application for continuance, to the same extent as afterward. When the original application for change of venue was overruled, no permission was asked to amend the application, and no further action was taken until just as the cause was again reached for trial, when the defendant asked permission to file his amended affidavits. We cannot say it was the duty of the court, under the circumstances disclosed, to permit it to be done.

III. It is claimed that the pendency of the law action is a good plea in abatement of this action. We think not. The

3. ABATE-
MENT : pen-
dency of
another ac-
tion.

plaintiff in that action sought to recover damages for an alleged wrongful occupation of his premises by the railroad company.

The plaintiff in this action seeks a specific performance of an agreement to convey the right of way over the premises in controversy. It is true, the due execution of the agreement to convey the right of way is involved in both actions. But the relief demanded is entirely distinct. That asked in one

The C. & S. W. R. Co. v. Heard.

case is solely cognizable in a court of law, whilst that asked in the other case can be granted only by a court of equity. Under the issues embraced in the law action, no specific performance of the agreement could have been decreed, even if it had been found that the agreement in question was executed by Heard. It is true, if it had been ultimately determined in the law action that Heard did not execute the agreement, that determination might have been pleaded in bar in the equity action. But no such ultimate determination has been made. If this plaintiff had been permitted to make his equitable defense in the law action, the equitable issue would have been first tried. It would seem, therefore, that upon no legal principle can this equitable action abate because of the pendency of the action at law. The cases of *Rawson v. Guiberson*, 6 Iowa, 508; and of *Jennings v. Warnock*, 37 Iowa, 278, are not, we think, in conflict with this view.

IV. The signature of defendant to the agreement for the conveyance of the right of way was written by one William G. Coop. The defendant denies that he gave Coop authority to attach his name to the agreement. The evidence upon this question is voluminous and conflicting. We have examined it with care. It impresses upon us the conviction that the defendant authorized Coop to sign his name, and that it was done pursuant to the authority conferred. A review of the testimony would subserve no useful purpose.

AFFIRMED.

SEEVERS, CH. J., having been of counsel, took no part in the decision of this case.