WILLIAM W. FOSTER

*v.*

EMMA L. MAGILL.

*Filed at Springfield October 6, 1886.*

1. SALE—*whether complete, so as to pass title—amount undetermined.*
A creditor purchased from his debtor certain personal property, subject to a mortgage thereon, and assumed the mortgage debt, and agreed, upon the sale of the property, to give the debtor credit for the entire proceeds of the sale, less the mortgage debt, and possession was taken: *Held,* the title, if so intended, would thereby pass, although the definite amount for which credit was to be given had not been determined.

2. EVIDENCE—*on question of bona fides of purchase.* In trover, by one claiming as purchaser of personal property, against the sheriff, for taking the same under execution against the plaintiff's vendor, the validity of the sale was questioned as in fraud of creditors. It appeared that the original owner, who was also the defendant in the execution, sold the property to his daughter, to whom he was largely indebted, subject to a chattel mortgage thereon, which she agreed to pay off, and it was agreed that she should sell the property, and give her father credit for the entire proceeds, less the amount of the incumbrance thereon: *Held,* that it was competent for the defendant to show any act done by the holder of the chattel mortgage toward taking possession of the property, but that the record was the best evidence to show the fact of his having brought a suit to recover the same.

3. PRACTICE—*limiting argument of counsel to the jury.* The limiting of the argument of counsel to the jury, is a matter resting in the sound legal discretion of the trial court, and unless that discretion has been abused, a court of review will not interfere. Before the action of the court below can be called in question, it must be shown that sufficient time was not allowed to properly argue the case to the jury.

4. ASSIGNMENT OF ERROR—*as to matters occurring in another case.* Orders made in one case are not, as a general rule, reviewable in another. So on the trial of an appeal in an action of replevin, the refusal of the court in a suit in chancery, to grant an injunction restraining the prosecution of the suit at law, can not be assigned for error in that case. The propriety of such ruling can only be questioned in this court when the record in the chancery suit is brought before it for review.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. G. B. GRAHAM, Mr. R. A. LEMON, and Mr. I. A. BUCK-INGHAM, for the plaintiff in error:

A junior incumbrancer of property has the right to pay the prior lien for the protection of his own, and be subrogated to all the legal and equitable rights of the prior incumbrancer, and it was error to overrule the motion to enjoin the prosecution of this suit. *Armstrong* v. *McAlpine*, 18 Ohio St. 184; *Muir* v. *Berkshire*, 52 Ind. 149; Jones on Chattel Mortgages, secs. 658, 659; Sheldon on Subrogation, secs. 12, 15, 21, 77.

The delivery of property by a debtor to a creditor, as security for a debt, or with the agreement that it may be sold and the proceeds applied to the payment of the debt, or various debts, is a pledge, and not a sale. *Belden* v. *Perkins*, 78 Ill. 449; *Baldwin* v. *Bradley*, 69 id. 32; *Stearns* v. *Marsh*, 4 Denio, 227.

This is the legal effect of the transaction, although the conveyance is by bill of sale absolute in terms. *Walker* v. *Staples*, 5 Allen, 34; *Eastman* v. *Avery*, 23 Me. 248; *Marshall* v. *Bryant*, 12 Mass. 321; *Whittaker* v. *Sumner*, 20 Pick. 399; *Kimball* v. *Hildreth*, 8 Allen, 167.

The pledger has such an interest in the goods as may be sold, and the purchaser succeeds to all the rights of the pledger. *Whittaker* v. *Sumner*, 20 Pick. 399; *Erwin* v. *Arthur*, 61 Mo. 386; *Arnold* v. *Stock*, 81 Ill. 407.

The execution was a lien upon the pledgee's interest in the mules, and plaintiff in error, as to the property, occupied the position of pledger. In such case, the measure of damages is the value of the pledgee's special property, and not the full value of the property. *Baldwin* v. *Bradley*, 69 Ill. 32; *Benjamin* v. *Stremble*, 13 id. 466; *Russell* v. *Butterfield*, 21 Wend. 300; *Becker* v. *Dunham*, 27 Minn. 32; *Parish* v. *Wheeler*, 8 Smith, (N. Y.) 494.

It was error to refuse to permit the witness Warner to answer the questions propounded to him, for the plaintiff, and Warner, the chattel mortgagee, both claimed title and

the right of possession from the same source. The evidence would have shown that the mortgagee, having the prior right, had elected, under his mortgage, and with the consent of defendant in error, previous to the commencement of her suit and before the alleged conversion, to take possession under the mortgage; and under that state of the case, the plaintiff would have neither the right of property nor possession. *Goodrich* v. *Willard*, 2 Gray, 203.

Messrs. MOORE & WARNER, for the defendant in error:

While the bank might pay the debt due John Warner, in the interest of its junior lien, it had no right to demand or have the note and chattel mortgage held by him. *Flachs* v. *Kelly*, 30 Ill. 462; *Handley* v. *Munsell*, 109 id. 362; *Butler* v. *Taylor*, 5 Gray, 455; *Ellsworth* v. *Lockwood*, 42 N. Y. 89; *Lawson* v. *Drake*, 105 Mass. 564; *Lamb* v. *Montague*, 112 id. 352; Jones on Mortgages, sec. 792.

If defendant in error held the mules merely as a pledge, then plaintiff in error could not levy the execution on them and take them out of her possession without first tendering her the full amount they were pledged to secure. *Bradley* v. *Parks*, 83 Ill. 169; *Express Co.* v. *Meints*, 72 id. 293; *Belden* v. *Perkins*, 78 id. 449; *Henry* v. *Eddy*, 34 id. 508; *Baldwin* v. *Bradley*, 69 id. 32.

Before default in payment or the exercise of possession, the mortgagor may dispose of the property subject to the lien of the mortgage. *Rhines* v. *Phelps*, 3 Gilm. 455; *Larmon* v. *Carpenter*, 70 Ill. 549; *Simmons* v. *Jenkins*, 76 id. 479; *Merritt* v. *Niles*, 25 id. 282.

The transfer of the mules to defendant in error, with the agreement that she should sell them and apply the net proceeds as a credit on the amount due her, was neither in the nature of a mortgage or pledge, but was an actual sale, and she became vested, immediately on their delivery to her, with absolute property in them. *Wells* v. *Miller*, 37 Ill. 276; *Ives*

v. *Hartley,* 51 id. 520; *Lonergan* v. *Stewart,* 55 id. 44; *Piner* v. *Cover,* id. 391; *Graff* v. *Fitch,* 58 id. 373; *McEwen* v. *Morey,* 60 id. 32; *Strauss* v. *Minzesheimer,* 78 id. 492; *Richardson* v. *Olmstead,* 74 id. 213.

Defendant in error might lawfully receive the mules in satisfaction or part satisfaction of her debt, though the debtor was insolvent at the time. *Gray* v. *St. John,* 35 Ill. 222; *Butters* v. *Haughwout,* 42 id. 18; *Wells* v. *Miller,* 37 id. 276; *Hessing* v. *McCloskey,* id. 341; *Waterman* v. *Donaldson,* 43 id. 29.

While the mortgagee is absolutely entitled to the possession of the mortgaged property immediately upon the maturity of the debt, if it remains unpaid, he is not entitled to its possession before the maturity of the debt, merely upon his election, under an insecurity clause in the mortgage, but his election can only be exercised in good faith, and upon reasonable grounds, and these must be shown. *Roy* v. *Goings,* 96 Ill. 361; *Bailey* v. *Godfrey,* 54 id. 507; *Lewis* v. *D'Arcy,* 71 id. 648; *Furlong* v. *Cox,* 77 id. 293; *Davenport* v. *Ledgers,* 80 id. 574.

Notwithstanding our statute provides that if a mortgagor of personal property sells or disposes of the same, during the existence of the lien, without the written consent of the mortgagee, he shall be deemed guilty of a misdemeanor, and, on conviction, be liable to a penalty, a sale made without such written consent, or without any consent whatever, is not void. *Gage* v. *Whittier,* 17 N. H. 312; *Stafford* v. *Whitcomb,* 8 Allen, 518; *Pratt* v. *Maynard,* 116 Mass. 388; *Patrick* v. *Meserve,* 18 N. H. 300; *Brandt* v. *Daniels,* 45 Ill. 453; *Brooks* v. *Record,* 47 id. 30.

A mortgagor may make a sale of mortgaged property with the oral consent of the mortgagee, so as to vest in the purchaser an unincumbered title. Jones on Chattel Mortgages, sec. 456.

Authority in the mortgagor to sell the mortgaged property may be inferred. Such authority depends upon the intent of the parties, and the intent is a question for the jury. *Jenks* v. *Goff*, 1 R. I. 511; Jones on Chattel Mortgages, sec. 457.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of replevin, brought by Emma L. Magill, against William W. Foster, sheriff of Macon county, to recover forty-four mules, which she claimed to have purchased of James DeLand, who originally owned the property. The mules were not found by the officer, but the writ of replevin was returned served on the defendant. Upon the return of the writ, the plaintiff filed a declaration in trover, with the view of recovering the value of the property. The defendant pleaded the general issue, and on a trial before a jury, the plaintiff recovered a judgment for the value of the property, which was affirmed in the Appellate Court. Various alleged erroneous rulings of the circuit court are relied upon to reverse the judgment of the Appellate Court.

Before the commencement of the trial, a bill in equity was presented to the presiding judge for an injunction to restrain the further prosecution of this action, in which the defendant, William W. Foster, and the DeWitt County National Bank, were complainants, and Emma L. Magill, and others, were defendants. The application for an injunction was refused, and the decision on the application for an injunction is the first error relied upon to reverse the judgment. We shall not stop, here, to determine whether the decision on the application for an injunction was correct or incorrect, for the reason, that question does not properly arise in this case. It is true that the effect of the injunction, had it been ordered, would have been to postpone the trial of this cause; yet the order denying the injunction was not made in this case, but on the bill in chancery, and the proper time to consider the

decision of the court on the bill, will be when that case reaches
this court for final determination. Orders made in one case,
are not, as a general rule, reviewable in another.

Objection is made to other rulings of the court during the
progress of the trial, and in order to pass properly upon some
of the questions raised, a brief reference to the leading facts
in the case, as disclosed by the evidence, seems to be required.

It appears that a judgment had been rendered against
James De Land for a certain sum of money, which he was
unable to pay unless he could obtain a loan of money. He
owned an undivided one-half of eighty-eight mules, which he
transferred to his son-in-law, Wheeler, and Wheeler procured
a loan of $2700 from John Warner, which he secured by the
joint note of De Land and Wheeler, and a chattel mortgage
on the mules. It was understood between De Land and
Wheeler, that the latter should take possession of the mules,
retain them until sold, pay the Warner loan, and return the
balance to De Land. After this arrangement, the mules were
divided between De Land and the other owner, and the forty-
four which fell to De Land, went into the possession of Wheeler.
It also appears, that De Land was indebted to his daughter,
Emma L. Magill, in the sum of about $16,000, and, for the
purpose of securing this indebtedness, he gave her a mort-
gage on certain real estate, and also, on November 30, 1883,
sold her the forty-four mules, subject to the mortgage to
Warner, which she assumed. This sale was made with the
consent of Wheeler, and after the sale she took possession of
the mules. After this sale, the De Witt County National Bank
obtained a judgment against De Land, upon which an execu-
tion was issued, and levied by Foster, sheriff of Macon county,
on the mules, as the property of De Land.

On the one hand, it was contended, on the trial in the
circuit court, that the mules belonged to De Land, and were
subject to the execution in the hands of the sheriff, while on
the other hand, it was claimed that Emma L. Magill was a

purchaser in good faith, for value, and that the title to the mules passed to her under the bill of sale. Whether the arrangement between DeLand and appellee was an honest transaction, made in good faith, or whether it was fraudulent as to creditors, was a question purely for the jury, and the verdict of the jury in favor of appellee, which was affirmed in the Appellate Court, is final and conclusive upon that question, and appellant's argument on that branch of the case need not be discussed here.

It is insisted in the argument, that under the contract between appellee and De Land she was not the absolute owner of the property, but held as a mere pledgee, and that the measure of damages, in the event of a recovery, was not the full value of the property when converted, but only the value of her special interest in the goods. We do not think this position can be sustained, under the evidence. De Land sold appellee the property subject to the mortgage held by Warner, which she assumed. An absolute bill of sale was given, under which appellee took possession of the property. She agreed, upon a sale of the mules, to credit De Land with the entire proceeds, less the amount of the Warner mortgage. Nothing was left for the vendor to do to complete the sale, but it seems to have been the intention of both parties that the title to the property should then pass. The fact that the definite amount which De Land should ultimately receive was not then fully determined, did not change the character of the transaction. *Piner* v. *Cover,* 55 Ill. 391; *Graff* v. *Fitch,* 58 id. 378; *Shelton* v. *Franklin,* 68 id. 333; *Straus* v. *Minzesheimer,* 78 id. 499. In the case last cited, it was expressly held, in a contract of sale the title will pass to the purchaser, if such is the intention of the parties, although measuring or weighing is to be had at a subsequent time, in order to ascertain the amount to be paid. The first instruction given for the plaintiff announced this principle, and we think it is sustained by the authorities.

6—119 ILL.

A large number of instructions were given for both the plaintiff and the defendant, and while we do not undertake to say that they all contain correct propositions of law, or that they were all appropriate or necessary to enable the jury to arrive at a proper verdict, yet after a careful consideration of the instructions given for the plaintiff, we do not regard any of them calculated to mislead the jury. Seventeen instructions were given for the defendant, and while some were modified by the court, as a whole they were more favorable to him than the evidence would warrant, and, so far as instructions are concerned, he has no just ground of complaint.

It is also claimed that the court erred in sustaining the objection to certain evidence offered to show what Warner had done, under his mortgage, in regard to taking possession of the property. If Warner did any act in the direction of taking possession of the property, we see no objection to proof of that character, and the court directly ruled that such evidence was admissible. The last question propounded to the witness, which the record shows was objected to, and the objection sustained, would seem to indicate a contrary ruling; but at the same time, if appellant desired to show a suit by Warner to recover the possession of the property, the papers in the case and the court record were the best evidence, and had such testimony been offered, we have no doubt, under the former ruling of the court on this branch of the case, it would have been admitted.

After the evidence was all in, the court limited the argument before the jury to forty-five minutes on each side, and this ruling is complained of. This was a matter resting in the sound legal discretion of the court, and unless the discretion was abused to the injury of appellant, which does not appear from the record, we can not interfere. If it appeared that more time was actually required to properly argue the case before the jury, a different question would be presented; but such is not the case.

Other questions have been discussed in the argument, but they relate mainly to questions of fact which do not arise here.

After a careful examination of the record, we perceive no error which would justify a reversal of the judgment of the Appellate Court. It will therefore be affirmed.

*Judgment affirmed.*