## JENSEN v. BOWLES *et al.*

1. Where the issues were whether defendants had sold a stock of goods, and the amount and nature of the consideration, and the court admitted a bill of sale by defendants simply to show the transfer, the error, if any, in excluding the bill as evidence of consideration, was cured by the subsequent admission of oral evidence showing the amount and nature of such consideration.

2. Plaintiff delivered to defendants a stock of goods, mortgaged to them for $3,000, to enable defendants more readily to procure payment of said sum, "with the privilege to sell and dispose of the same, and out of the proceeds of said property, after deducting the sum of $3,000, owing as aforesaid, to return and deliver to plaintiff the surplus of such sale of such property." Defendants exchanged the goods for a farm and personal property of the value of $4,848, and within three or four days afterwards the purchaser and his partner traded them back to defendants. *Held*, that an action for the difference between $3,000 and $4,848 was premature before the property had been converted into money.

3. The owner of a stock of goods, mortgaged for $3,000, agreed with the mortgagees that, to secure payment of said debt, and enable them more readily to procure its payment, such owner pledged and delivered the goods to the mortgagees, to hold in trust, and not otherwise, "with privilege to sell and dispose of the same, and out of the proceeds of said property, after deducting the sum of $3,000 so owing, as aforesaid, to return and deliver to the 'owner' the surplus of such sale of such property." *Held*, that there was a transfer of title to, and not a mere pledge of, the goods to the mortgagees.

(Opinion filed May 26, 1896.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Action to recover $1,880 alleged to be due plaintiff as the balance of the price of the stock of goods sold by defendants after deducting $3,000 owing them by plaintiff. The court directed a verdict in favor of defendants, and from a judgment entered thereon plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

*Henry Robertson* and *Winsor & Kittredge*, for respondents.

Every element of a pledge is wanting in this case. Lonergan v. Stewart, 55 Ill. 44–49; Foster v. Pettibone, 7 N. Y. 433–435; Schouler on Bailments and Carriers 5.

CORSON, J. The plaintiff, being indebted to the defendants in the sum of $3,000, secured by a chattel mortgage on a stock of goods owned by the plaintiff, turned over said goods so mortgaged to the defendants, upon an agreement or understanding alleged as follows in the complaint: "That, to secure the payment of said indebtedness, and in order to enable the defendants more readily to procure payment of said sum so due to them, the said plaintiff did pledge and deliver to said defendants, to hold in trust, and not otherwise, all of said property, with privilege to sell and dispose of the same, and out of the proceeds of said property, after deducting the sum of three thousand dollars so owing as aforesaid, to return and deliver to the plaintiff the surplus of such sale of such property." The

defendants, in their answer, set out what they claimed to be the agreement more in detail, and by which they aver the goods were transferred to them to be converted into cash, and, after the debt of $3,000 due the defendants should be paid, the balance, over and above that amount, costs and expenses of sale, should be paid over to the plaintiff; and they averred that said goods had not been converted into cash, and the defendant's debt had not been paid. At the conclusion of the evidence, both the plaintiff and the defendant moved for a direction of a verdict. The motion of the plaintiff was denied, and that of the defendants granted, on the ground that the facts proven by the plaintiff did not entitle him to recover in the action. From the judgment rendered on this verdict, the plaintiff appeals.

The appellant contends that the court erred in excluding a certain bill of sale as evidence, and in granting defendant's motion to direct the verdict. On the trial the plaintiff offered in evidence a bill of sale of the goods, made by the defendants to Charles Radspinner, Jr., and A. P. Hetland, in which the consideration for the goods was stated to be $4,848.09, and the receipt of the same acknowledged in the usual form. This bill of sale was objected to as incompetent to charge the defendants with the amount therein specified as the consideration. The court admitted it, but for the purpose of showing a transfer of the goods only. We do not deem it necessary to consider this ruling of the court for the reason that, if the court was in error in excluding the bill of sale as evidence of the consideration, that error was cured by the subsequent admission, over defendants' objection, of evidence showing the amount and nature of the consideration paid. Mr. Radspinner, one of the purchasers of the goods and a witness on the part of the plaintiff, testified as follows: "The agreed price was $4,848.09. I traded my farm and stuff as payment for these goods. The farm and stuff did not pay the whole agreed price. I gave them my farm and what personal property I had as a part payment—I have forgotton just how much—and secured them on the goods for

the rest; that is, I gave them a mortgage on the stock of goods for the balance, and a note also. I settled it up—the purchase price." Had the bill of sale been admitted, it would only have been evidence, in my view, of the amount of the consideration, not the nature of it. There was no presumption that the consideration was paid in money. In what the consideration was paid, whether in money, lands, goods, or promissory notes, was a matter of proof independently of the bill of sale. That, of itself, would prove nothing as to the nature of the consideration. Hence, the evidence of Radspinner fully supplied the evidence of the bill of sale. This evidence was not controverted by the defendants.

This brings us to the main question, namely, did the court commit error in directing a verdict for the defendants, and in refusing to direct a verdict for the plaintiff? As the motion to direct a verdict was made by both parties, they practically conceded that the evidence was undisputed, and such, the record discloses, was the case. It is insisted by the plaintiff that the contract set out in the complaint shows a pledge of the goods, and that the title was not transferred to the defendants, and that the defendants, in selling the goods for a consideration other than cash, converted them to their own use, and therefore became liable for the amount of the consideration in excess of $3,000. But we take a different view of the contract. It will be noticed that the goods were transferred to the defendants, to be sold, and the proceeds applied as specified by the contract, and not to be returned to the plaintiff, either in specie or in a changed form. When such is the case, the contract does not constitute a pledge; but the legal title passes to the transferree, and he holds the property subject to the trust as to the distribution of the proceeds. The distinction between a pledge and a sale is thus stated by the court of appeals of New York, in Foster v. Pettibone, 7 N. Y. 433: "The distinction between a bailment and a sale is correctly laid down by BRONSON, C. J., in Mallory v. Willis, 4 N. Y. 85, in these words:

'When the identical thing delivered, although in an altered form, is to be restored; the contract is one of bailment, and the title to the property is not changed; but when there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, he becomes a debtor to make the return, and the title to the property is changed. It is a sale.' " This distinction is also laid down in substantially the same language in Lonergan v. Stewart, 55 Ill. 44.

It will be noticed that the contract set out in the complaint in this case contemplates a sale of the goods and the payment, from the proceeds, of the defendants' debt, the balance of the proceeds to be paid over to the plaintiff. The title, therefore, necessarily passed to the defendants, but charged, nevertheless with the trust in favor of the plaintiff, to be executed by the defendants, to the extent of the excess received from the goods over and above $3,000. The conduct of the parties was consistent with this view. The defendants delivered up to the plaintiff his notes for $3,000 at about the time of the transfer of the goods to them. Until the defendants' indebtedness was satisfied, and the balance of the goods converted into money, or, at least, the lapse of a reasonable time, to enable the defendants to realize upon the goods, the plaintiff had no claim upon the defendants for the balance over and above the $3,000. It was not the mere sale of the goods, therefore, that would entitle the plaintiff ot his share, but the conversion of the goods into money, in order that the defendants might satisfy their own debt and be enabled to ascertain the balance due the plaintiff. It was not sufficient, therefore, to prove the consideration or price for which the goods were sold; but it was necessary to prove, also, that the goods had been converted into cash, as the defendants could only be required to satisfy the $3,000 due them by payment in money. As will be seen by the evidence of Radspinner, no cash was paid, and it further appears that, within three or four days after the purchase, he and his partner traded the stock

back to Bowles & Kennefick, the defendants. So, when this action was commenced, the goods were still in the possession of the defendants, virtually undisposed of. Upon these facts, it is difficult to discover any principle of law upon which the plaintiff could recover. The defendants, under the allegations of the complaint and evidence on the trial, were not absolutely purchasers of the property; but they took the goods in order to repay themselves, by a sale of the same, the $3,000 due them, and obtain as much as practicable over and above that sum for the plaintiff, and in the execution of the trust they were bound to exercise the utmost good faith. But, until they could convert the goods into money, and pay their own demand or had a reasonable time in which to do so, the plaintiff had no claim upon them for the balance. The plaintiff in his evidence says that, at the time the arrangement was made, Mr. Bowles stated that all he wanted was to get their money out of the deal. "I am positive he stated that all he wanted to get out of it was his money."

Our conclusions are that the action was prematurely brought, and that the court, under the allegations of the complaint and the evidence on the trial, correctly directed the verdict in favor of the defendant; and the judgment is therefore affirmed.