[Civ. No. 1339. Third Appellate District.—June 8, 1915.]

## J. J. RAUER, Respondent, v. B. F. RYND, Jr., et al., Defendants; E. B. BRADEN, Appellant.

CLAIM AND DELIVERY—FORMER JUDGMENT IN ACTION OF CONVERSION—RES ADJUDICATA.—A judgment in an action for the conversion of an automobile that the plaintiff was not the owner nor entitled to the possession thereof, where the title and right to the possession of the machine were directly put in issue by the allegations in the complaint that the plaintiff "was and is the owner and entitled to the immediate possession," of the property, is a bar to a subsequent action brought by the same plaintiff to recover the possession of the property from the successor in interest of the defendant in the first action, and it is error to exclude the judgment-roll and to refuse to permit the defendant in the second action to introduce in evidence the statement on motion for new trial and the testimony in the first action for the purpose of proving the identity of the issues.

ID.—JUDGMENTS—ESSENTIALS OF PLEA OF RES ADJUDICATA.—There are two essential requirements to a valid plea of *res adjudicata,*—namely, identity of the issue involved and identity of the parties, and the rule as to the former is, that if a particular point or question is in issue in the second action and the judgment will depend upon its determination, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit, otherwise not.

ID.—RULE AS TO REAL PROPERTY.—Where the right, title, or ownership of real property is directly put in issue, whether by the pleadings or the course of the litigation, and is tried and determined, the judgment is conclusive thereon in all further litigation between the same parties or their privies, whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up.

ID.—RULE AS TO PERSONAL PROPERTY.—Similar rules obtain in the case of personal property. A judgment in an action in which the title to a chattel was directly in issue and adjudicated is conclusive on that point between the parties and their privies without regard to the form or purpose of the action.

ID.—IDENTITY OF ISSUES—EVIDENCE.—Where it does not appear from the record that the cause of action in the former suit was identical with that in the action in which it is pleaded in bar, the fact may be proved by evidence *aliunde.*

ID.—SALE—DELIVERY OF GOODS IN PAYMENT OF DEBT.—When personal property is delivered as security the transaction is a pledge; but if

goods are delivered by a debtor to his creditor in payment of the debt, the transaction has the effect of a sale; and the same is true if goods are delivered by the debtor to the creditor to be sold and the proceeds applied on the debt with a return of the surplus.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Page, McCutchen, Knight & Olney, and McCutchen, Olney & Willard, for Appellant.

William Tomsky, and T. J. Crowley, for Respondent.

BURNETT, J.—The action was brought, on September 21, 1911, to secure possession of a Simplex automobile with damages for its detention and resulted in a judgment for plaintiff.  The history of the whole litigation concerning said machine is quite varied and has given rise to certain questions somewhat out of the ordinary.  On December 24, 1910, B. F. Rynd, Jr., one of the defendants herein, brought suit in replevin in the superior court of the city and county of San Francisco to recover possession of said machine from Rauer's Law and Collection Company.  Under a writ of replevin, Thomas J. Finn, the sheriff of said city and county, took possession of the machine.  J. J. Rauer, plaintiff in the present action, presented to the sheriff a claim for said property as provided by the statute, asserting that he was the owner thereof, having purchased the same on the seventeenth day of December, 1910, from one Frank J. Flanigan.  Plaintiff Rynd gave the statutory bond to the sheriff and thereupon said machine was delivered to the former.  Subsequently, said company filed an answer disclaiming any interest in the automobile and judgment was therefore entered in its favor for costs.  Thereafter, and in February, 1911, J. J. Rauer commenced an action in the superior court of said city and county against said Finn, as sheriff, and B. F. Rynd, Jr., alleging that the plaintiff "was and at the time of the commencement of this action is the owner of and entitled to the immediate possession" of said automobile.  "That on or about the 27th day of December, 1910, in an action pending

in the superior court of the city and county of San Francisco, No. 33,312, wherein the said B. F. Rynd, Jr., the defendant named herein, was plaintiff and Rauer's Law and Collection Company, Inc., is defendant, and under certain process issued in said action the said defendant Thos. F. Finn as sheriff and acting for the codefendant herein B. F. Rynd, Jr., levied upon and took possession of the said property of the plaintiff herein. That thereafter on the said 27th day of December, 1910, the plaintiff demanded of the defendants herein the return of the possession of the said property but the defendants have failed, neglected, and refused the same to do and defendants have converted the same to their own use to the damage of plaintiff in the sum of $5,000.'' Judgment was asked for the return of the automobile or its value together with damages. Defendant Finn, sheriff, answered, admitting the taking of the machine under process in said action No. 33,312 but denied ''that at all times in said complaint mentioned or at the time of the commencement of this action, or at any time, or ever or at all, plaintiff was and is, or was or is, the owner of and entitled to the immediate possession of, or any possession'' of said machine. The action was tried before a jury and they found the following verdict: ''We the jury in the above-entitled cause, find a verdict in favor of the defendants.'' Judgment was thereupon directed ''that J. J. Rauer, plaintiff, do take nothing by this his said action as against Thos. F. Finn, sheriff of the city and county of San Francisco, and B. F. Rynd, Jr., defendants, but that judgment be and the same is hereby entered in favor of said defendants and against said plaintiff for said defendants' costs and disbursements.'' Plaintiff Rauer's motion for a new trial of that action was denied and he appealed from the order but the appeal was dismissed on stipulation. In August, 1911, B. F. Rynd, Jr., transferred said machine to E. B. Braden, appellant herein. Braden stored it in a garage in San Francisco whence it was taken by the sheriff acting under claim and delivery proceedings in the present action. Defendant Braden pleaded said judgment in bar ̍of the plaintiff's right to recover in the present action. At the trial said judgment was offered in support of said plea and said defendant Braden also attempted to prove the identity of the issues therein with those herein but the court sustained an objection to all such evidence.

It is not disputed that there are two essential requirements to a valid plea of *res adjudicata,*—namely, identity of the issue involved and identity of the parties.

As to the identity of issues the rule is stated in 23 Cyc. 1300 as follows: "The true test is identity of issues. If a particular point or question is in issue in the second action and the judgment will depend upon its determination, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit, otherwise not."

The following declaration is made in reference to property: "Where the right, title or ownership of property is directly put in issue, whether by the pleadings or the course of the litigation, and is tried and determined, the judgment is conclusive thereon in all further litigation between the same parties or their privies, whatever may have been the nature or purpose of the action in which the judgment was rendered or of that in which the estoppel is set up." (Id., 1319.)

As to personal property this statement is made: "Similar rules obtain in the case of personal property. A judgment in an action in which the title to a chattel was directly in issue and adjudicated is conclusive on that point between the parties and their privies, without regard to the form or purpose of the action." (Id., 1321.)

In the first action as aforesaid the title to said property and the right to its possession were put directly in issue, the plaintiff, as we have seen, having alleged that he "was and is the owner and entitled to the immediate possession" of said property. In the present action it is true that there is no allegation in the complaint that plaintiff "is or was the owner" of the machine, the substantive averment being: "That at all times herein mentioned and at the time of the commencement of this action the plaintiff was and ever since has been and now is entitled to the immediate possession" of said property. There is no contention, however, that the right of possession did not follow the right of ownership, nor is there any pretense that plaintiff had secured any additional claim or right to the property subsequent to the entry of the judgment in said first action. Indeed, appellant herein alleged in his answer, "that the said J. J. Rauer, plaintiff above named, has not acquired any right or title in or to, or any right to possession of said automobile since the 17th day of

February, 1911; that said Rauer has no other claim or title of right to possession in or to said automobile, other than the alleged claim asserted by him, as aforesaid, in said action above referred to.'' In support of this he offered evidence but an objection to it was sustained. But it is manifest that if it was adjudicated on the seventeenth day of February, 1911, that Rauer was not the owner of the property and was not entitled to its possession, the presumption would be that such condition continued in the absence of a contrary showing. (Code Civ. Proc., sec. 1963, subd. 32.) It seems clear enough that the two actions were identical as far as the vital issue involved is concerned.

But the rule is equally well settled that ''if it does not appear from the record that the cause of action in the former suit was identical with that in the action in which it is pleaded in bar, this fact may be proved by evidence *aliunde.*'' (23 Cyc. 1535.) In *Gray* v. *Dougherty,* 25 Cal. 266, it is stated as follows: ''The issues passed on in a former suit may be ascertained by an inspection of the judgment-roll; and if that fails to disclose all the facts necessary to a complete determination of the question, a resort may be had to extrinsic evidence.''

In harmony with the foregoing principle appellant, in addition to offering said judgment-roll, attempted to introduce the statement on motion for a new trial and the testimony that the same automobile was involved and other evidence to remove any possible doubt that the issues were identical. We think he was thus clearly within his right. It may be that the judgment-roll itself would have been sufficient but the additional evidence would but have confirmed him in his position.

The essential facts in the two cases, as disclosed by the records, were the same and are as follows: In the spring of 1910 one Frank J. Flanigan purchased said automobile. It was delivered to him in San Francisco and he afterward took it to Portland, Oregon. While there he entered into a settlement with certain of his creditors and accordingly he executed a bill of sale of the machine to B. F. Rynd, Jr., the latter agreeing in writing to take the automobile to San Francisco, to sell it there and apply the proceeds in settlement of the claims of creditors and to pay the balance, if any, to Flanigan's wife.

The bill of sale was dated November 11, 1910, and Marion F. Flanigan joined therein, it appearing that, on November 11, 1910, Flanigan had transferred the machine to her. Rynd shipped the machine to San Francisco, Flanigan accompanying him for the purpose of aiding in demonstrating the car. On December 15, 1910, Rynd left San Francisco for a trip to Dallas, Texas. Two days later Flanigan obtained from Rauer a loan of one thousand dollars, which he agreed to repay in thirty days with one hundred and fifty dollars interest. To secure the loan he gave Rauer a bill of sale and possession of the machine.

In Rauer *v.* Finn et al., plaintiff, for the purpose of proving his right of possession, introduced said bill of sale from Flanigan and also evidence that Rynd had authorized Flanigan to sell or pledge the automobile, on December 17, 1910. The defendant relied upon the prior conveyance from Flanigan to his wife and from them to Rynd. We agree with appellant that in both actions was involved the issue: ''Did Rauer acquire any title or right to possession of the automobile by virtue of the bill of sale from Frank J. Flanigan on December 17, 1910?''

The jury having found a general verdict in favor of the defendants must have answered the question in the negative.

In opposition to this, the contention of respondent is that the first judgment was not upon the merits for the reason that, it being an action of replevin and it being shown that Finn was not in possession of the machine at the time of the action, the verdict of the jury was based upon that ground alone. But the answer to this is pointed out by appellant in the suggestion that it does not appear that Finn was not in possession at the time of the filing of the action, and besides it does appear that either Finn or Rynd did have possession and since the verdict was in favor of both of them it is certain that the verdict and judgment were not based upon the want of possession in the defendants.

But admitting that there were two issues in said action, the one of title and the other of possession, the presumption would be that both were passed upon by the jury. (Code Civ. Proc., sec. 1963, subd. 18; *Parnell* v. *Hahn,* 61 Cal. 131; *Woolverton* v. *Baker,* 98 Cal. 628, [33 Pac. 731]; *Lamb* v. *Wahlenmaier,* 144 Cal. 91, [103 Am. St. Rep. 66, 77 Pac. 765]; *Sweeney* v. *Frank Waterhouse & Co.,* 43 Wash. 613,

27 Cal. App.—36

[86 Pac. 946] ; *White* v. *Simonds, Conant & Co.,* 33 Vt. 178, [78 Am. Dec. 620] ; *Stearns* v. *Administrator of Stearns,* 32 Vt. 678.)

The foregoing covers the suggestion that a different rule applies here because the first action was in replevin, but we add the citation made by appellant of 23 Cyc. 1321, and *Nickerson* v. *California Stage Company,* 10 Cal. 520, and in the latter we find: "The judgment in the action of replevin was, as between the parties, conclusive evidence of the plaintiff's title to the chattel in question." But the former action was undoubtedly one in conversion. It did not state facts sufficient to constitute a cause of action in replevin for the reason that it failed to allege "present possession" of the defendants. (*Riciotto* v. *Clement,* 94 Cal. 105, [29 Pac. 414] ; *Richards* v. *Morey,* 133 Cal. 437, [65 Pac. 886].)

The allegations of ownership and right to possession by plaintiff on December 24, 1910, that the defendant Finn, as sheriff and acting for Rynd, on December 24, 1910, "levied upon and took possession of the automobile" and that "the defendants have converted the same to their own use" clearly stated a case in conversion.

There can be, in our judgment, no less doubt as to the identity of the parties. Rauer was the plaintiff in both actions. In the first, Finn and Rynd were defendants. Finn, however, was alleged to be acting for his codefendant, B. F. Rynd, Jr., and in his right. The real party in interest, therefore, was Rynd. (23 Cyc. 1265; *Emma Silver Min. Co., Ltd.* v. *Emma Silver Min. Co.,* 7 Fed. 401.) In the present action there can be no doubt of Braden's privity with Rynd. He received title and possession from Rynd and can take advantage of said judgment in Rynd's favor.

"Judgments are evidence in actions concerning the same matters for or against the parties thereto, as well as their privies in estate." (*Flandreau* v. *Downey,* 23 Cal. 354.)

"And as to property generally, both real and personal, a successor in interest is concluded by a judgment for or against him from whom he derives his title, whether it be by purchase, inheritance, devise or otherwise." (23 Cyc. 1256; see, also, *Cunningham* v. *Harris,* 5 Cal. 81, and *Riverside Land etc. Co.* v. *Jensen,* 108 Cal. 146, [41 Pac. 40].)

Whether the first judgment was a righteous one or not, of course, is immaterial. The verdict may have been wrong

and justice may have been on the side of plaintiff, but that question is no longer open for review. The merits of that proceeding cannot be inquired into since there is no claim nor suggestion of fraud in reference to it. Public policy requires, of course, an end to litigation and parties to enforce their rights in juridical proceedings must take the steps provided by law.

It is likewise unimportant, here, whether Rynd was a pledgee, as contended by respondent, or a trustee, according to the claim of appellant. However, it is clear that, upon the face of the instrument, he appeared to be the owner, but the whole transaction negatives the proposition of a pledge for the reason stated by appellant: 1. Title as well as possession was given to Rynd; 2. Neither Flanigan nor Mrs. Flanigan had a right to redeem the car under any circumstances whatever; and, 3. The transfer was not to secure Flanigan's creditors but to pay them. (35 Cyc. 33; *Foster v. Magill*, 119 Ill. 75, [8 N. E. 771]; *Jensen v. Bowles*, 8 S. D. 570, [67 N. W. 627].) In 35 Cyc. 33, the rule is stated as follows: ''When personal property is delivered as security the transaction is a pledge. But if goods are delivered by a debtor to his creditor in payment of the debt, the transaction has the effect of a sale; and the same is true if goods are delivered by the debtor to the creditor to be sold and the proceeds applied on the debt with a return of the surplus.''

In the instructive brief of appellant extended reference is made to the following additional cases as illustrative of the said principle of estoppel: *Baxter v. Myers*, 85 Iowa, 328, [39 Am. St. Rep. 298, 52 N. W. 234]; *Calkins v. Allerton*, 3 Barb. (N. Y.) 171; *Carson v. McCormick Harvesting Mach. Co.*, 18 Tex. Civ. App. 225, [44 S. W. 406]; *Jennings v. Warnock*, 37 Iowa, 278.

In the first of these it seems that one Williamson recovered a judgment against John Myers and a writ of execution was issued and placed in the hands of the sheriff. Williamson then assigned his rights under the judgment to Baxter, et al., the plaintiffs in the case. The sheriff levied upon certain personal property as the property of said John Myers. While the property was in the hands of the sheriff, Sarah Myers, the wife of John Myers, presented to the sheriff a claim of ownership of said property. The sheriff answered denying said ownership and alleging that the transfer to her

was for the purpose of hindering, delaying, and defrauding the creditors of said John Myers. A trial of this issue was had and judgment was rendered in favor of said Sarah Myers. The action in the case then before the court was instituted by the assignees of Williamson against Sarah Myers, setting up the said Williamson judgment and that the transfer from John to Sarah Myers was for the purpose of preventing them from collecting said judgment. The defendant pleaded in bar the said judgment obtained by her against the sheriff. In holding that it constituted a bar to the latter suit, the supreme court of Iowa said: "The plaintiffs have once had all matters in regard to the validity of the conveyance in question fully investigated in a court of competent jurisdiction, and are bound by the result in that case."

The Calkins case, was an action in trover for the recovery of a pair of steers. Upon the trial it appeared that the defendant, Allerton, took the steers by order of one Wheaton. Plaintiff then introduced a prior judgment against said Wheaton in trover and in favor of plaintiff for the same steers. It was held by the supreme court of New York that since the defendant Allerton justified under Wheaton he must be regarded as a privy of Wheaton and "the former recovery against Wheaton must be deemed admissible evidence of the plaintiff's title to the cattle and of his right to the possession of the same."

In the Carson case, the plaintiff sued the defendant to recover possession of three mules. The evidence disclosed that the defendant had, under a money judgment which it held against one C. C. Carson, caused the sheriff to levy execution upon said mules as the property of said C. C. Carson. The plaintiff, Holbrook W. Carson, presented a third party claim to the sheriff alleging that said C. C. Carson had transferred the mules to him prior to said levy. The sheriff, upon receiving a bond from the Harvesting Company, denied the claim, and Holbrook W. Carson thereafter sued him in replevin. In this action judgment was rendered for the defendant sheriff. The supreme court of Texas, holding that this judgment constituted a bar to the action before the court, said: "While the causes of action are different, the matter of title to the property referred to is the same, and the judgment settling this identical question of title, not having been ap-

pealed from, must be regarded as *res adjudicata* upon this question.''

In the case of *Jennings* v. *Warnock,* plaintiff brought the action in replevin to recover possession of a mule and harness from Warnock, Lynch, and Hoppe. The mule had been taken under execution upon judgment in an action by Hoppe against one Byers. In that action Jennings intervened, claiming the mule, and was defeated. The defendants plead in abatement to the replevin suit the judgment against the intervener in *Hoppe* v. *Byers.* It was held that the trial court should have given this instruction: ''If the jury find, from the evidence, that a suit is pending between the parties, George W. Jennings and W. O. Hoppe, in reference to the property in controversy, which is still undetermined between them, and they further find that they are the real parties in interest in the case on trial, and the others are mere nominal parties to the suit, then plaintiff is not entitled to recover in this action, and they should find for defendant.'' The supreme court declared: ''The pendency upon appeal of an intervener's claim for attached property constitutes a bar to a proceeding in replevin for the property by the same parties.''

Under our understanding of the nature and effect of judgments we see no escape from the conclusion that the appellant's plea in bar is sound and the other points need not be noticed.

The judgment and order are reversed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 5, 1915.