No. 6159.

FRANK MILLIKIN v. T. S. SMOOT.

1. PARTIES—TRUSTEE.—A wife who is trustee holding funds for her children invested the proceeds in horses. Her husband in her right sues a trespasser for taking the horses. *Held*: That her children were not necessary or proper parties.

2. DEPOSITIONS.—It is competent for the court to allow an officer taking depositions to supply an omission, the court being satisfied that the depositions have not been tampered with.

3. SEPARATE TRESPASSES.—A sheriff under an execution seized a herd of stock horses on the range; on same day and under same writ he seized other work horses, taking them from the plow and wagon of the party claiming the horses. Forthwith the claimant established his claim to the work horses, and by separate action sued for damages for the seizure of the horses on the range. *Held:* That the second action was not barred by the first, there being two separate and distinct trespasses.

APPEAL from Parker. Tried below before the Hon. A. T. Watts, Special District Judge, in place of Hon. R. E. Beckham.

*B. G. Bidwell,* for appellant. On parties: 3 Pomeroy's Equity, chapter 4, section 1159; Craig v. Leslie, 3 Wheat., 563.

On right for notary to supply omissions in return of depositions: Chapman v. Allen, 15 Texas, 282.

The claimant was not entitled to two suits. He could not split up his cause of action into two suits. (Moore v. Gammel, 13 Texas, 120; Hardy v. Broaddus, 35 Texas, 668; Howeth v. Mills, 19 Texas, 295; Rodrigues v. Trevino, 54 Texas, 198; Rossiter v. Rossiter, 8 Wend., 498; Baird v. U. S., 6 Otto, 430.)

*Hood, Latham & Stephens,* for appellee, cited Wait's Actions and Defenses, volume 3, page 41, section 32; 5 Id., page 471, section 5; Evans v. Hardgrove, 11 Texas, 210; Chapman v. Allen, 15 Texas, 282; Milliken v. Smoot, 64 Texas, 172.

WALKER, ASSOCIATE JUSTICE. This is a second appeal—64 Texas, 172, where a statement of the case appears.

That the consideration paid for the horses—the subject of the litigation came from land limited to the wife for life, her children to take after her death—did not affect her right to the property for her life, nor to the possession of it. She had the right to reclaim the property, and it was her duty to do so.

The answer of Millikin, pleading a non joinder of parties, and insisting that her children should be made parties, was insufficient, and the exceptions to it were properly sustained. Legal title to the property was shown in the wife, coupled with possession. A trespasser could not inquire into the equities settled or charged upon the property. (5 Wait's Act. and Def., 471, sec. 5.)

The depositions of the witness Carter were important; and, had they been otherwise properly taken, upon the showing made by the notary taking them, and by the district clerk that they had not been altered, the court should have permitted the notary to remedy his oversight and write his name across the seal of the envelope, and the district clerk to indorse on the package that he had received it from the hands of the officer taking the depositions. But it appears from the bill of exceptions that the depositions had been taken without the notice to the adverse party required by the statute. This defect, properly urged, was a valid reason for suppressing them. The action of the court in suppressing the depositions was proper.

The refusal of the court to give the instruction asked by appellant, that the claim made by appellee to four head of horses seized under the same execution with the horses sued for herein, was justified under the facts in evidence. The principle is well recognized that an aggrieved party can not split up one cause of action into two or more suits.

The testimony shows that the horses here in litigation were stock horses on the range, and were seized in the range. The four head of horses which had been claimed in the proceedings referred to were taken from the plow and wagon of appellee at a different time and place. It may well be presumed that the work horses were needed upon the farm, and the prompt recovery of them was of importance. By such action the right of action for the stock horses taken on the range was not lost. While all could have been included in one suit, the owner could pursue her rights against the two distinct invasions of her property.

The sufficiency of the testimony to sustain the verdict is not presented by any assignment of error of which the court can take notice. But an examination of the statement of facts shows that the verdict was not without evidence to sustain it.

The judgment is affirmed.                    *Affirmed.*

Opinion delivered November 16, 1888.