THOMAS C. COOK ET AL. v. THE CARROLL LAND AND CATTLE COMPANY ET AL.

No. 407.

1. **Evidence Admitted for Limited Purpose.**—Testimony admissible for any purpose or against any party to the suit should not be excluded, but admitted with the proper limitation; but the application of this rule should not be used as a pretext for getting before the jury evidence of a damaging character to a party objecting and having a right to object to its admission, while such evidence can serve no useful purpose with reference to any issue with another party against whom it is ostensibly offered, and who is precluded from making the objection thereto. See the opinion for illustration where the evidence was by deposition.

2. **Same—Improper Argument on Evidence Limited in its Application.**—Where such evidence by deposition has been admitted ostensibly for one purpose only, and by the charge of the court limited to such purpose, it is error to permit counsel for the party offering it, in his argument to the jury, over objection of the other party (plaintiff), to read parts of it and comment at length thereon as against evidence offered by plaintiff to support another and different issue.

3. **Res Adjudicata—Trial on the Merits.**—Where the former trial was on the merits and the judgment was for plaintiffs, it is no sufficient answer to a plea of res adjudicata in a subsequent suit, that the defendants in the former suit were forced to trial therein without their evidence, and did not have a fair and full trial of the issue.

ERROR from Clay. Tried below before Hon. GEORGE E. MILLER.

*L. C. Barrett*, for plaintiffs in error.—1. Depositions of an adverse party, taken without notice, and quashed as to all the parties except as to the adverse party, witness, are not admissible as against such party after he has disclaimed and taken a nonsuit, and is in no way a party to the suit.   Rev. Stats., art. 2239; Watson v. Miller, 82 Texas, 279.

2.   The court erred in permitting the jury to pass upon the heirship as between intervenors and plaintiffs; that question having already been determined and adjudicated in the case tried in Archer County, shown in evidence.   A judgment between the same parties upon the same point in issue is conclusive, and should not, as to them, be reopened.   Nichols v. Dibrell, 61 Texas, 541; Cromwell v. Sac County, 94 U. S., 351; Black on Judg., 504, 505, 625–631; Freem. on Judg., 249, 328; Gardner v. Buckbee, 3 Cow., 119.

3.   The court erred in permitting counsel for intervenor to use the evidence of M. F. Cook in his argument against plaintiffs, after instructing the jury that they could not consider the evidence of M. F. Cook against plaintiffs, and then and there remarking that he thought that counsel was within the ruling of the court.   Willis v. McNeill, 57 Texas, 465; Blum v. Simpson, 66 Texas, 84.

*Rector, Thomson & Rector*, *G. A. Hutchins*, and *Grigsby E. Thomas, Jr.*, for defendants in error, L. A. Wilson and M. A. Nobles.—1. When these appellants were introducing their evidence, the plaintiffs having rested, they offered the deposition of M. F. Cook, one of the plaintiffs, and thereupon the attorney for the plaintiffs tried to take a nonsuit, but being sued by the intervenor, and the defendants having pleaded over against them, the court would not allow a nonsuit.   Thereupon said attorney filed a disclaimer for said Cook, and the court ruled that M. F. Cook's deposition was not admissible at all, unless the defendants, who had had notice of the taking, and who had assisted in its taking, relied on an outstanding title in the plaintiffs as against the intervenors, and being then informed by the defendants that as against these appellees they did so claim, the court admitted the deposition only as against the defendants.   The court in its charge carefully limited the testimony to whatever effect it might have as between the defendants and intervenors; and stated verbally, that as between the plaintiffs and intervenors, and as between the plaintiffs and defendants, it could not be received at all.

2.   The proof showing that these appellants sued in Archer County for a certain 640 acres donation to Thomas Cook, who fell at Goliad, no res adjudicata could be proven on this trial, where another and different tract of land is involved, granted for other and different reasons to same party or his heirs.   And there could be no res adjudicata pending an appeal in that case.

*Swan & Swain*, for defendant in error the Carroll Land and Cattle Company.—The evidence of M. F. Cook had a bearing solely upon the question of heirship, as between plaintiffs and intervenor. If intervenor's evidence was sufficient outside of that to defeat plaintiffs, its introduction could not have made their case stronger against defendants. It was immaterial as between the intervenor and defendants, and could serve no purpose other than to prejudice plaintiffs' case with the jury; and it would seem from their argument that such was their only object in introducing it; and indeed that is about all the purpose it could serve as against defendants. And while the court could exclude the testimony from consideration by the jury, it is, in the very nature of things, impossible to withdraw its effect from their minds when they have once heard it. Furthermore, it was never intended by the statute that such evidence should be used against any one save the party whose answers are elicited, and to permit its use as in this case seems to us to be a gross injustice.

STEPHENS, ASSOCIATE JUSTICE.—Plaintiffs in error, claiming to be the sole heirs of Thomas Cook, brought this suit against the Carroll Land and Cattle Company and other defendants in possession of the land sued for. Defendants in error, M. V. Cook and others, also claiming to be the sole heirs of said Thomas Cook, intervened and sought to recover the land against both plaintiffs and defendants.

They propounded interrogatories to one of the plaintiffs, M. F. Cook, without notice to the other plaintiffs, upon which his deposition was taken. The plaintiffs moved to quash this deposition, because taken without notice, which motion was sustained by the court as to all the plaintiffs except M. F. Cook, who thereupon, through his attorney, took a nonsuit and entered a disclaimer. Upon the trial before the jury, the court permitted this deposition, over the objections of plaintiffs, to be read in evidence as between the intervenors and defendants, and in the charge instructed the jury that they would not consider it in determining whether or not plaintiffs were the true heirs of the Thomas Cook under whom both plaintiffs and intervenors claimed; but that if they should find that plaintiffs were not the heirs, then they might consider the testimony as against the defendants.

Plaintiffs in error complain not only of the introduction of this testimony, but also of the use made of it in argument by the counsel for intervenors. Coming as it did from one of the original plaintiffs, and contradicting or tending to contradict their most important witness, his brother, T. C. Cook, on the vital issue of heirship, the evidence was of the most damaging character.

The correctness of the theory upon which the testimony was admitted is not questioned. It is a well settled rule, that ordinarily testimony which is admissible for any purpose, or against any party to the suit, should

not be excluded, but admitted with the proper limitation. The application of this rule, however, should not be made the pretext for gaining, indirectly, an undue advantage in a trial before a jury, in having testimony introduced of a character which must necessarily have its effect in determining an issue against a party having a right to object thereto, when it could serve no useful purpose against another party to the suit who is precluded from making such objection.

In this case the defendants were entirely without title, except such as the statute of limitation afforded. The real controversy, therefore, was between plaintiffs and intervenors. The testimony on the part of either plaintiffs or intervenors, in the absence of that of the other, was sufficient to warrant a recovery against defendants, except in so far as it might have been defeated by the statute of limitation.

If the jury had found against plaintiffs' claim of heirship without considering the testimony of M. F. Cook, they must necessarily have found on the same evidence in favor of that of intervenors. Any other verdict should have been set aside. It is idle, we think, to reply, that after the jury had found against the claim of the plaintiffs, this additional testimony was needed to enable intervenors, as against defendants, to defeat the defense of an outstanding title in plaintiffs. Intervenors could not, therefore, have been prejudiced had it been excluded.

It is always difficult, and frequently impossible, to control by the charge the insidious influence of an important fact after it has once found lodgment in the mind of the jury; and this is peculiarly so where it comes, as in this case, in the nature of an admission against interest from a brother to the witness mainly relied on, whose evidence it tends to discredit.

The testimony having been admitted ostensibly for one purpose only, counsel for intervenors, in the argument, over the objections of plaintiffs, read portions of said testimony and commented upon it at length as against the evidence offered by plaintiffs to support the issue of res adjudicata upon the question of heirship growing out of the previous suit and judgment between the same parties in Archer County; contending before the jury that that judgment had been obtained in favor of plaintiffs and against intervenors because the evidence of M. F. Cook had not been used on that trial, and that he did not have it there to show that T. C. Cook, whose testimony was relied on in this case to show descent from his uncle, Thomas Cook, never had such an uncle as Thomas Cook. This course of argument was permitted as within the ruling of the court with reference to said M. F. Cook's testimony, though as appears from the explanation appended to the bill of exceptions the counsel was instructed by the court to confine himself to the issue as between the intervenors and defendants; the court adding, in further explanation, that " the argument was made by counsel for intervenors for the purpose of,

as he claimed, rebutting the plea of outstanding title in plaintiffs insisted on by defendants."

Our conclusion is, that under the peculiar facts of this case, the admission of this testimony, coupled with the use made of it in the argument, was calculated to deprive plaintiffs of a fair and impartial trial on the paramount issue of heirship involved; that its admission and the use made of it could have done no good, but only harm, and that a new trial should have been awarded.

One other important issue is raised by plaintiffs in error, that of res adjudicata. In addition to proving the record of the suit in Archer County for another tract of land granted to the heirs of the same Thomas Cook, plaintiffs in error proved by intervenors' attorney that he was present at the trial of that suit and represented the intervenors in this suit, who were part of the defendants in that suit; that the plaintiffs in that suit were the plaintiffs in this suit, and that in that suit the plaintiffs claimed under Thomas Cook in the same right and in the same way that they claim in this suit; that the intervenors in this suit, who were part of the defendants in that suit, claimed under the same Thomas Cook that plaintiffs claimed under, and in the same way and in the same rights that plaintiffs and intervenors claim in this suit; that in that suit intervenors and plaintiffs claimed as the heirs and descendants of Thomas Cook, who fell at Goliad in Captain Aaron B. King's company, under Fannin; and that the controversy there was just the same as it is here, as to whether the plaintiffs or intervenors were the true heirs and descendants of said Thomas Cook. It was also shown that this issue of fact as to heirship was directly put in issue by the pleadings and passed upon in the former suit.

The reply of intervenors to this ground of recovery was, that while the plaintiffs in that suit introduced the same evidence as in this, intervenors were forced into trial without their testimony, and did not have a fair and full hearing upon the question, and the court, in effect, submitted this theory of defense in the charge to the jury. It does appear that the trial in the former suit was upon the merits, and this, we think, was all that the law required. It was not shown that any appeal had been taken from this judgment, so as to bring it within the rule now established by the opinion in Railway v. Jackson, 85 Texas, 605, overruling or limiting Thompson v. Griffin, 69 Texas, 142, which latter case was followed by us in Westmoreland v. Richardson, 2 Texas Civil Appeals, 175, and Railway v. Day, 3 Texas Civil Appeals, 353.

The difference between the effect of a judgment as a bar or estoppel against the prosecution of a second suit upon the same cause of action, and its effect as an estoppel in another suit between the same parties upon a different cause of action, is very clearly illustrated by our Federal Supreme Court in the case of Cromwell v. Sac County, 94 United States, 351.

It may be that the error in the charge submitting this issue to the jury would also require the judgment to be reversed, but we do not find it necessary to pass upon that question. Nothing else of importance is raised by the numerous assignments of error.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered February 14, 1894.