HORACE W. CARSON v. MCCORMICK HARVESTING MACHINE COMPANY.

Delivered February 5, 1898.

1. **Execution—Claim of Property Seized—Different Levies.**

A claimant of property seized under execution against another is not debarred from prosecuting an action against the execution creditor for the conversion of the property, by reason of his prosecution of another claim case as to other property seized by the sheriff at the same time under another execution, issued on another judgment between the same parties.

2. **Judgment—Res Judicata.**

A judgment in a claim case in execution is conclusive as to the title to the prop-

2

6 TEXAS CIVIL APPEALS REPORTS. [2d District,

erty on which the claim was based, in a subsequent action for conversion between the same parties with reference to other property, seized under another execution and claimed under the same title as that involved in the claim case.

APPEAL from Wilbarger. Tried below before, Hon. J. R. TALBERT.

*A. L. Camp,* for appellant.

*Stephens & Huff,* and *Porter & Cohorn,* for appellee.

TARLTON, CHIEF JUSTICE.—In this suit the appellant seeks to recover from the appellee the value of one horse and of three mules, alleged to have been the property of the appellant and to have been illegally seized and converted by the appellee. The plaintiff's pleadings disclose substantially the following facts:

The appellee held two judgments rendered in different justice courts of Dallas County against one C. C. Carson. It caused an execution to be issued on each of these judgments, and placed the writs in the hands of a constable of Wilbarger County. By this officer one of the writs was levied upon four head of stock, and the other writ was immediately thereafter levied upon the four head of different stock involved in this suit, the property in each instance being levied upon as the property of C. C. Carson.

The appellant was present when the levies were made, and claimed the property seized, notifying the officer accordingly. As regards each levy, the appellant made a claimant's oath and bond for the stock seized. The officer approved the bond with reference to the property seized under the one excution, but declined, on the ground of alleged insufficiency in the sureties, to accept the bond tendered as regards the property here involved. Hence this property was sold under the execution, and the appellee received the proceeds of the sale.

The appellant prosecuted his claim case to a successful termination, establishing his title to the property involved in that suit, resting upon an alleged transfer from C. C. Carson to himself prior to the levy. From the judgment in the claim case no appeal was prosecuted by the appellee. Thereupon the appellant instituted this action in trespass and conversion, claiming title to the three mules involved herein by virtue of the same transfer from C. C. Carson to himself which he had asserted in the claim case. In the claim case, as in this, the appellee alleged that the transfer relied upon was fraudulent and void as to it, a creditor of the grantor, C. C. Carson.

Upon the facts thus disclosed, we hold:

1. The prosecution by the appellant of his claim case to the property therein involved was not a bar to the prosecution of the present case to different property. The illegal levy upon the appellant's property by virtue of the one execution was another and a different tort from the levy of the execution upon other and distinct property. The fact that the levies may be said to have been substantially simultaneous,

in that the one immediately succeeded the other, does not establish an identity between the acts of seizure operating upon distinct property. The property in these instances was as distinct as if it had been in entirely different portions of the county, and as if a day's time had intervened between the levies. Millican v. Smoot, 71 Texas, 759.

Had the plaintiff been able to file a claimant's oath and bond to the property levied upon by virtue of the one writ, as he had done in the case of the other, his prosecution of claim in the former instance could not have precluded such prosecution in the second. A different result should not attach because he was compelled to resort to an action of trespass and conversion, on account of his inability to file a claimant's oath and bond as to the property here involved. Under the circumstances, the claimant could not have filed a single oath and bond. The law does not provide that this course can be adopted when a writ or different writs are levied upon different property. Rev. Stats., arts. 5286, 5287; Harness Co. v. Schoelkopf, 71 Texas, 418.

2. As we have seen, the three mules involved in this controversy were claimed by the appellant by virtue of the same transfer from the same grantor as was asserted in the claim case. The same defense is here interposed as was then ineffectively pleaded. While the causes of action are different, the matter of title to the property referred to is the same, and the judgment settling this identical question of title not having been appealed from, must be regarded as res adjudicata upon this question. Cooke v. Cattle Co., 25 S. W. Rep., 1034; Cromwell v. Sac Co., 94 U. S., 351.

These conclusions are at variance with the views of the trial court, indicated by its action upon demurrers presented to the plaintiff's pleadings, and hence they require that the judgment be reversed and the cause be remanded; and this disposition is ordered.

*Reversed and remanded.*