THEO. OLLESHEIMER & BRO. v. JOHN J. FOLEY.

Decided March 7, 1906.

**1.—Executory Sale—Right to Countermand.**

A party to an executory contract always has the right, subject to claim for damages, to stop performance of same for any reason deemed to his interest.

**2.—Usages of Trade—Not Binding, When.**

    Usages of trade that are presumed to enter into a contract must not be opposed to well–settled principles of law, nor unreasonable.

Appeal from the County Court of Harris. Tried below before Hon. Blake Dupree.

*Hunt & Myer,* for appellants.—Where it is shown that there exists among the import trade and the merchants engaged in such trade, a custom and general, universal and known usage, to the effect that, after an order has been by the importer placed in Europe, or other foreign country, that the same becomes absolute and not subject to countermand, the custom, in the absence of any definite provision in the contract, becomes a part of the contract, and after the order is placed and the greater part of the goods accepted and paid for, it becomes, so far as the importer is concerned, a completed contract and not subject to countermand. Harrell v. Zimpleman, 17 S. W. Rep., 478; Heyworth v. Miller Co., 73 S. W. Rep., 501; Brincefield v. Allen, 60 S. W. Rep., 1011; Meaher v. Lufkin, 21 Texas, 383; McMeachen v. Hubbard, 59 S. W. Rep., 919.

*Howard & Howard,* for appellee.—A usage or custom of trade, in order to be valid, must not only be certain, uniform, notorious and reasonable, but it must be in harmony with the law, and if such custom or usage contradicts or in any way contravenes the established principles of law it is invalid. Missouri Pac. Ry. Co. v. Fagan, 72 Texas, 127; Russell v. Oppenheimer, 1 Texas Civ. Cases, sec. 269; Vincent v. Rather, 31 Texas, 87; Dewees v. Lockhort, 1 Texas, 537.

    An order given for goods which are not in esse at the time the order is given, but are to be manufactured, constitutes an executory contract between the seller and the purchaser, and the title to the goods is not vested in the purchaser until said goods are received and accepted by him; and if the purchaser elects to cancel or rescind such contract the seller's right of action, if any, against the purchaser, would be an action for damages for the breach of the contract, and the seller can not legally maintain an action for the price of goods sold and delivered. Gammage v. Alexander, 14 Texas, 414; Tufts v. Lawrence, 77 Texas, 526.

NEILL, ASSOCIATE JUSTICE.—This suit was brought upon a verified account for the price of goods alleged to have been ordered by the appellee and sold and delivered him by appellants. It was alleged that appellee ordered the goods, which were to be manufactured expressly for him in Europe and imported by appellants, and that at the time the order was given there was a general known custom of trade, of which appellee had notice, that an import order such as the one in question was not subject to countermand.

    Among the matters plead by appellee was, that long prior to the time the goods were shipped he had countermanded the order therefor by instructing appellants not to ship them, notifying them that he would not receive or accept such merchandise if shipped.

    The evidence was sufficient to sustain the trial court in finding that the matters so pleaded by appellee were proven.

It is well settled that one party to an executory contract has always the right, subject to the obligation to pay damages to the other, to stop the performance of the contract whenever for any reason he deems it to his interest to terminate it, and the other party is not at liberty to proceed thereafter with the performance in order to enhance the damages to be paid. (Mecham on Sales, sec. 1699.) That this principle applies with peculiar force to an executory sale, such as the one under consideration, is shown by the same authority. (Sections 1091, 1700, 1701, 1702 and 1703.)

The rule, pertaining to usages of trade or business, that parties are presumed to contract in reference to a uniform, continuous, and well-settled usage pertaining to the matters as to which they enter into agreement, is limited to such usage as is not in opposition of well-settled principles of law and is not unreasonable. (Markham v. Jaudon, 41 N. Y., 235; Bowen v. Newell, 8 N. Y., 190; Groat v. Gile, 51 N. Y., 431.) This case is clearly within the limitation of such rule, and not affected by it. The judgment is affirmed.

*Affirmed.*