OLD RIVER RICE IRR. CO. v. STUBBS. (No. 6534.)

(Court of Civil Appeals of Texas. Galveston. May 19, 1914. On Motion for Rehearing, June 18, 1914.)

1. JUDGMENT (§ 949*)—RES JUDICATA—PLEA —SUFFICIENCY.

In a suit for breach of a contract to furnish water for irrigation under an alleged contract to furnish sufficient water for one-fifth of plaintiff's rice crop, a plea reciting that a former suit between the same parties had been instituted on the identical contract, which had been construed therein to cover continuous seasons, that a judgment had been recovered by plaintiff which had been affirmed on appeal, and that the identical issues raised in the pending action as to the interpretation, scope, and validity of the contract were raised and decided on their merits in the former suit, was sufficient as a plea of res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1794–1803; Dec. Dig. § 949.*]

2. JUDGMENT (§ 601*)—RES JUDICATA—MATTERS CONCLUDED.

Where a judgment in a former suit for breach of an irrigation contract determined that the contract was a continuous and valid, such judgment, though not res judicata in a subsequent suit between the same parties for a further breach of the contract because the causes of action were not identical, was nevertheless operative as an estoppel as to the validity and construction of the contract and any other matter or issue determined in the prior suit and sought to be raised in the subsequent one.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1116; Dec. Dig. § 601.*]

3. WATERS AND WATER COURSES (§ 261*)— IRRIGATION — CONTRACTS — BREACH — DAMAGES.

Where plaintiff had a continuing contract binding defendant to furnish him water through continuous seasons to irrigate his rice crop for one-fifth of the crop, the fact that defendant, prior to the time plaintiff planted his crop for 1910, positively repudiated the contract and declared that it would furnish plaintiff no water thereunder during that season, did not obligate plaintiff to refrain from expending money or labor in planting such crop on the faith of obtaining water from defendant under the contract, for plaintiff in planting his crop was not

performing any part of the contract which defendant had renounced, and hence plaintiff was entitled to recover, for defendant's failure to furnish water, the expenditures made by him in planting and cultivating the crop up to the time of defendant's refusal to furnish water.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 261.*]

4. APPEAL AND ERROR (§ 1002*)—VERDICT— CONFLICTING EVIDENCE.

A jury's finding on a particular issue on which the evidence is conflicting will not be set aside on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

5. WATERS AND WATER COURSES (§ 249*)— IRRIGATION—CONTRACT—CONSTRUCTIONS.

Plaintiff conveyed a right of way for irrigation ditches over a tract of land described as containing 427.7 acres on the T. survey, defendant agreeing to furnish plaintiff his equal pro rata share for water for irrigating his rice crop during successive farming seasons; he paying the reasonable water rent for water therefor. Held, that defendant was bound to furnish water to irrigate the rice crop on the whole 427.7 acres, though 80 acres thereof were located in another survey.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 249.*]

On Motion for Rehearing.

6. EVIDENCE (§ 265*)—ADMISSIONS—CONCLUSIVENESS.

Where, in a suit to recover damages to plaintiff's crops by defendant's failure to furnish water to irrigate the crop in accordance with the contract, plaintiff admitted that the value of the crop he did raise during the season in question was $637.75, such admission concluded plaintiff from showing that the value was less than such amount, but was not conclusive on that issue and did not prevent defendant from showing that the crop raised was of greater value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

Appeal from District Court, Chambers County; L. B. Hightower, Judge.

Action by F. H. Stubbs against the Old River Rice Irrigation Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. W. Marshall, of Anahuac, and Lane, Wolters & Storey, of Houston, for appellant. C. F. Stevens and E. B. Pickett, Jr., both of Liberty, for appellee.

PLEASANTS, C. J. This suit was brought by the appellee against appellant to recover damages for the failure of appellant to furnish water for the irrigation of a crop of rice planted and cultivated by plaintiff during the season of 1910 upon 425 acres of land adjacent to the irrigation canal owned and operated by appellant. Plaintiff's claim to the water was based upon a contract executed by the defendant on or about November 10, 1903, by the terms of which defendant, in consideration of the conveyance to it by plaintiff of a right of way for its canal across plaintiff's land, obligated and bound itself to furnish him "his equal pro rata of water for irrigating his rice crop during the

farming season; he paying the reasonable water rental therefor."

·Plaintiff's amended petition alleged that though said contract is in the singular, to wit, "that said company would furnish him his equal pro rata of water for irrigating his rice crop during the farming season," the same was a mutual mistake, for plaintiff and defendant agreed and understood said contract should be, and it was intended to be, in the plural, to wit, "for all seasons; and said contract is an obligation to furnish water to the plaintiff for all farming seasons and that the same was so interpreted by the plaintiff and defendant for many years, and water furnished thereunder." Also it was alleged:

"That before any water was furnished under said contract, it was understood and agreed by and between the plaintiff and defendant that the reasonable water rental, as provided in said contract, should be construed to mean a one-fifth part of the crop raised by him each successive year."

That during the seasons of 1906, 1907, and 1908 defendant watered plaintiff's rice crops under said contract for one-fifth of the crop grown, and also watered the rice plaintiff planted in 1909, but asserted a charge therefor of $8 per acre, which plaintiff refused to pay, but tendered defendant one-fifth of the crop grown during said season. That thereafter defendant herein filed suit against plaintiff herein, said cause being numbered 789 on the docket of the district court of Chambers county, Tex., wherein the appellant company, as plaintiff, sued the appellee herein, as defendant, for $8 per acre water rent, and, said cause being heard upon its merits, said district court "adjudged and decreed that the above-mentioned contract applied to all seasons, and said defendant company was bound and obligated thereunder to furnish plaintiff with water for any and all seasons subsequent to the date of said contract, for one-fifth of the rice crop grown on the said lands." That said judgment was appealed from and affirmed on March 23, 1911, by the Court of Civil Appeals, and writ of error thereafter refused by Supreme Court. See 137 S. W. 154. It is further alleged in said petition "that this cause of action and the issues involved herein, in so far as they relate to the contract aforesaid, the subject-matter hereof, and the parties hereto, are all identical with those in said cause No. 789," and the judgment in said cause is pleaded as res adjudicata of the issues in this cause.

The defendant interposed a general demurrer, and certain special exceptions, and answered by a general denial, and a special answer, alleging that long before plaintiff planted his land in rice, or went to any expense in preparation therefor, defendant notified him positively that it would not furnish him with water under the old contract, but would only furnish him with water under a new contract, entered into by a reasonable date; that, if plaintiff prepared and planted his land in rice after such notice, he did so with full knowledge that defendant would not water same; and that it was not therefore chargeable with any increase of damages.

In its first supplemental answer, defendant alleged that the oral agreement to accept one-fifth of the rice crop as a reasonable water rent, relied upon by plaintiff, came within the provisions of the statute of frauds, and consequently was void and unenforceable.

In answer to defendant's first supplemental answer, plaintiff pleaded res adjudicata, alleging that all the issues set up therein had been formerly adjudicated in case No. 789, Old River Rice Irrigation Company v. F. H. Stubbs, in the district court of Chambers county, Tex., and that said case was appealed to the Court of Civil Appeals at Galveston, and that the judgment of the district court was there affirmed; that a writ of error was denied by the Supreme Court of Texas, consequently the defendant was estopped to deny the interpretation and construction of said contract. Certified copies of the pleadings, judgment, mandate, and opinion of the Court of Civil Appeals, and the order of the Supreme Court denying the writ of error, were all appended as exhibits.

Defendant specially excepted to the plea of res adjudicata on the ground that it appeared that the present suit involved an entirely different state of facts, being for damages to a rice crop of 1910, while former suit in cause No. 789, Old River Rice Irrigation Company v. F. H. Stubbs, was an action to recover damages to a crop of 1909. The court overruled the exception.

The first assignment of error presented in appellant's brief complains of the refusal of the trial court to sustain appellant's exception to the plea of res adjudicata contained in appellee's supplemental petition.

[1] The plea, with the exhibits thereto, shows that the contract sued on in this case is the identical contract upon which the former suit mentioned in said plea was based; that said former suit was between the parties to this suit, and the identical issues raised in this suit as to the interpretation, scope, and validity of said contract were raised and decided upon their merits in said former suit. These allegations render the plea sufficient as a plea of res adjudicata of the right of appellant in this suit to raise the issues raised in the former suit affecting the interpretation, scope, and validity of the contract. Appellant is estopped by the judgment in the former suit to raise such issues.

[2] The judgment in the former suit is not res adjudicata in the sense that it is conclusive of appellee's right to recover in this suit because the causes of action in the two suits are not identical.

But a judgment which is not a bar to another suit between the same parties because the causes of action are different may still operate as an estoppel as to any matter or issue determined thereby when such issue

is sought to be raised in a subsequent suit between the same parties. This distinction between the operation of a judgment as a bar to a second suit between the same parties upon the same cause of action and its effect as an estoppel in another action between the same parties upon a different claim is very clearly stated by Mr. Justice Fields in the case of Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195.

The court did not err in overruling defendant's exceptions to the plea of res adjudicata. Foster v. Wells, 4 Tex. 101; Cook v. Carroll Land & Cattle Co., 6 Tex. Civ. App. 326, 25 S. W. 1034; Carson v. McCormick, 18 Tex. Civ. App. 225, 44 S. W. 406; Boykin v. Rosenfield, 24 S. W. 323; City of Houston v. Walsh, 27 Tex. Civ. App. 121, 66 S. W. 106.

The second assignment of error complains of the ruling of the trial court in admitting evidence offered by plaintiff in support of his plea of res adjudicata. The objection made to this evidence was that it was immaterial because the subject-matter and issues of the former suit "were separate, distinct, and different from the subject and issues involved in the present suit."

What we have said in discussing the first assignment of error disposes of the question presented by this assignment. The evidence objected to sustains the allegations of the plea and the exceptions to the plea having been properly overruled, the objections to the evidence should not have been sustained.

[3] The third assignment of error complains of the following paragraph of the court's charge:

"In ascertaining what damage, if any, which the plaintiff is entitled to recover, you will determine from the evidence how many barrels of rice, if any, which plaintiff would have made upon the land he planted in rice during the year 1910, as you may find the amount to be, and also you will determine from the evidence the reasonable market value of the said crop of rice at the time the same would have been ready for market, at the nearest market therefor, and in case you so find, then the measure of damage, if any, would be the market value of four-fifths of the entire crop that would have been ready for market, less the additional expense of raising, harvesting, and preparing for market the entire crop he would have raised, and of marketing his portion thereof, over and above what he had already expended upon said entire crop up to the time the defendant company refused to water his rice crop, on or about the third day of June, 1910."

The proposition under this assignment is as follows:

"The charge complained of is erroneous in that it allows as damages the expenditures made by plaintiff in planting and cultivating his rice crop up to the third of June, whereas, the undisputed evidence shows that the plaintiff, before he had gone to any expense whatever in preparing his land or planting his rice, received positive notice that the defendant company had unequivocally renounced the contract, and would not supply plaintiff any water thereunder."

The undisputed evidence shows that on January 1, 1910, before any expenses of the 1910 crop were incurred by appellee, he was notified by appellant that it would not furnish him water under his contract. This notice was repeated by letter of January 26th, in which appellant positively repudiated the contract and declared that it would furnish no water thereunder for the season of 1910. Appellee testified upon cross-examination that he went ahead and plowed and planted his crop after he knew that appellant would not furnish him water. On redirect examination he testified:

"I was wrong awhile ago when I answered Mr. Ayers that I knew that they would not give me water after the passage of those letters between my lawyer and the company; I thought they were bluffing, and thought there was still a chance to get the water. I made a further effort to get water for my crop in 1910. We got out what they call a writ of mandatory injunction, but I did not get any water with all of that. That bluff did not work, for I kept fighting for water, and filed that court proceeding, and followed it up. I was trying to make them water me."

In support of the proposition above quoted, appellant invokes the rule that, when one of the parties to a contract is given notice of the renunciation of the contract by the other party, he cannot proceed with performance on his part so as to increase the damage, and cites, among others, the case of Ollesheimer v. Foley, 42 Tex. Civ. App. 252, 95 S. W. 688.

We do not think this rule is applicable to the facts of this case. In the case cited the contract was for the purchase of goods which the seller had to manufacture, and was executory as to both parties. Before the goods were manufactured the purchaser, contrary to the express terms of the contract, countermanded his order. The seller proceeded to manufacture the goods and sought to hold the purchaser liable for the contract price. It was held that the seller, after he received notice of the purchaser's repudiation of the contract, had no right to proceed with performance on his part and thus increase the purchaser's liability for damage. In this case the contract was fully executed in so far as appellee was concerned, and in expending the money necessary to plant his crop he was not performing his part of a contract which the appellant had renounced. He had planted and cultivated a crop of rice on his land for several years and had been furnished water therefor by appellant under his contract, and he was not required to abandon his business as a rice farmer in order to protect appellant from damages caused by its refusal to comply with its contract. If he had not planted the crop and obtained a stand of rice, the probable yield would have furnished a very uncertain basis for estimating his damage. The probable yield of a growing crop was once regarded as too speculative and uncertain to form a basis for estimating damages, and, when the rule is extended so as to include the estimated yield of a crop that was never planted, the uncertainty of the damages is greatly increased. Plaintiff was not required, in

order to protect appellant from its own wrong, to so increase the uncertainty of his damage. In addition to this, appellant is a quasi public corporation and independent of its contract owed plaintiff the duty to furnish him water for his rice crop upon the same terms that it furnished it to other farmers, and this duty could be enforced by mandamus. Borden v. Rice Co., 98 Tex. 494, 86 S. W. 11, 107 Am. St. Rep. 640. The letter in which appellant notified plaintiff of its renunciation of the contract also informed him that it would not furnish him water upon the same terms that it watered the crops of other farmers. It goes without saying that appellant could not release itself of its legal duty in this way and plaintiff was not required to accept and act upon any declaration of its intention to so release itself.

The record shows that plaintiff's crop was not entirely destroyed, and, notwithstanding appellant's failure to furnish water, the crop produced several hundred sacks of rice. The verdict of the jury expressly deducts from the value of the crop that would have been raised if it had been properly watered the value of the crop that was raised and the cost of raising and marketing the entire crop over and above what plaintiff had expended upon said crop. The value of the crop raised by plaintiff having been deducted from the value of the crop that he would have raised, it is manifest that he would be entitled to recover at least a sufficient amount of the expenses of the crop raised by him to offset the value of said crop, otherwise he would not be compensated for his loss. The statement under the assignment contains a copy of the verdict, which shows that the jury in estimating the damage sustained by the plaintiff deducted from the value of the crop he would have made the value of the crop he did raise, but there is nothing in the statement showing what was the value of the crop raised. For aught that appears in the statement, the value of the crop raised and for which the jury gave appellant credit may have been equal to the amount expended by plaintiff, and if this was true appellant's damage was in no way increased by plaintiff's planting and cultivating his crop after he was notified that appellant would not furnish him with water, and if the charge was abstractedly erroneous appellant was not injured thereby. The assignment cannot be sustained.

The fourth assignment complains of the refusal of the court to instruct the jury that plaintiff could not recover any expenses incurred by him after he received notice of appellant's repudiation of the contract, and the fifth assignment complains of the verdict as excessive because it finds for plaintiff the sum of $2,000, which the undisputed evidence shows were expenses incurred by plaintiff in planting and cultivating his crop after he received notice of appellant's repudiation of the contract.

What is said above in discussing the third assignment disposes of the question presented by these assignments, and both of them are overruled.

The verdict of the jury fixes plaintiff's damage at the sum of $4,495.22. In arriving at this amount the jury state in their verdict that the yield of the crop would have been eight sacks of rice per acre on 388 acres of land, and its market value would have been $2.60 per barrel.

[4] The sixth assignment complains of the verdict on the ground that the jury in finding the number of acres in cultivation on plaintiff's farm did not allow sufficient deduction for the acreage taken up by the ditches, drains, and laterals on said land. The evidence as to the actual number of acres planted and cultivated in rice after deducting the acreage taken up by the ditches, drains, and laterals was conflicting; but there is ample evidence to sustain the finding of the jury on this issue. The assignment is overruled.

The evidence is also conflicting upon the issue of the market value of the crop that would have been raised, but there is sufficient evidence to support the verdict of the jury that the rice would have been worth $2.60 per barrel, and the seventh assignment, which assails the verdict on this issue as unsupported by the evidence, must also be overruled.

There is no merit in the eighth assignment, which assails the verdict on the ground that the evidence shows that 80 acres of the land cultivated by plaintiff was on the Rector survey, and appellant was only bound under its contract with plaintiff to furnish water for 427.7 acres on the Tilton survey, and therefore was not liable to plaintiff for the loss of the crop on the 80 acres of the Rector survey.

[5] We do not think appellant's contract to furnish plaintiff "his equal pro rata share of water for irrigating his rice crop during (all) farming seasons, he paying the reasonable water rent therefor," is limited to land on the Tilton survey. The right of way conveyed by plaintiff to appellant is described in the contract as being over a tract of 427.7 acres on the Tilton survey, but the undisputed evidence shows that the 80 acres on the Rector survey is a part of the 427.7 acres owned by plaintiff and part of the field cultivated in rice by plaintiff and watered by appellant under its said contract prior to 1910.

Appellant has unquestionably acquired title to the right of way conveyed him by plaintiff regardless of whether plaintiff's land over which it was given is entirely on the Tilton or partly on the Rector survey. There is no question as to the identity and location of the 427.7 acres which was the subject-matter

of the contract, and the fact that a portion of it is not on the Tilton survey will not relieve appellant of its obligation to furnish water for all of said land.

At a former day of this term we erroneously concluded that, under the charge complained of under the third assignment of error, which we have before set out and discussed, the jury were authorized to allow plaintiff damages for $2,000 in excess of his loss, and for that reason the judgment should be reversed unless plaintiff should file a remittitur in the sum of $2,000. This conclusion was clearly unsound, and after discovering our error, upon our own motion, we set aside the order requiring a remittitur.

We are of opinion that the brief of appellant presents no error which requires or would authorize a reversal of the judgment, and it is therefore affirmed.

Affirmed.

### On Motion for Rehearing.

In its motion for rehearing appellant complains of the following statement in the portion of our opinion in which we discuss the third assignment of error:

"The statement under the assignment contains a copy of the verdict, which shows that the jury in estimating the damages sustained by the plaintiff deducted from the value of the crop he would have made the value of the crop he did raise, but there is nothing in the statement showing what was the value of the crop raised. For aught that appears in the statement, the value of the crop raised and for which the jury gave appellant credit may have been equal to the amount expended by plaintiff," etc.

The complaint is that the statement under the assignment does show the value of the crop raised by appellee.

[6] Upon a re-examination of the brief we find that it appears from the statement under the assignment that:

"The plaintiff admitted that the value of the crop he did raise on his land in 1910 was $637.-75."

The admission of plaintiff of the value of the crop raised by him was not conclusive of that issue. Such admission concluded plaintiff from showing that the value was less than the amount stated by him, but did not prevent appellant from showing a greater value. We think, however, that while it does not affirmatively appear from the statement that this admission of plaintiff was the only evidence upon the issue of the value of the crop raised by him, the reasonable inference from the statement is that this was all of the evidence upon that issue. Giving this effect to the statement, it was not deficient in the respect stated in our opinion, and the portion of the opinion before quoted is withdrawn.

This correction in our finding as to the sufficiency of the statement under the third assignment of error eliminates one of the grounds of our holding that said assignment should be overruled. We still think, however, that for the other reasons stated in our opinion the assignment should be sustained.

The motion for rehearing is overruled.