**BARONIAN v. SEALY OIL MILL & MFG. CO. (No. 9177.)**

Court of Civil Appeals of Texas. Galveston. July 6, 1928.

Rehearing Denied Sept. 25, 1928.

J. E. Edmondson, of Bellville, and Allen B. Hannay, of Houston, for appellant.

C. G. Krueger and C. D. Duncan, both of Bellville, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against appellee to recover damages in the sum of $1,528.50 for the alleged

breach by appellee of two contracts for the purchase of cotton seed from appellant.

The petition alleges in substance that appellee on October 20, 1923, agreed and contracted orally with appellant to purchase from him 50 tons of cotton seed at the price of $39 per ton f. o. b. cars at appellant's seed house in Waller county; that appellee accepted and paid for 20 tons of cotton seed delivered under said contract, but declined to further carry out the contract and refused to accept the additional 30 tons which appellant offered to deliver under the contract on January 31, 1924, which was within a reasonable time for such delivery; that by reason of appellee's failure to comply with its contract appellant was compelled to sell the cotton seed in open market at a loss of $400.50; that on November 7, 1923, appellee entered into a written contract with appellant, by the terms of which it agreed to purchase from appellant all of the cotton seed appellant might obtain during the cotton season of 1923 in addition to the 50 tons theretofore contracted to be sold appellee by appellant, and to pay appellant therefor the price of $48 per ton f. o. b. cars at Brookshire Station in Waller county; that at the time of the execution of said contract appellee paid appellant thereon the sum of $500; that said written contract was subsequently amended by an oral agreement by which the purchase price of the cotton seed was raised to $50 per ton; "that plaintiff has been and was ready, able, and willing to comply with his part of the contract and deliver the cotton seed sold to defendant, and on or about January 31, 1924, the plaintiff notified the defendant in writing that he, the said plaintiff, was ready, able, and willing to deliver the said cotton seed sold to plaintiff in accordance with the terms of said contract, and offered to deliver the same to the said plaintiff, and at the same time and in the same letter plaintiff demanded of the defendant the acceptance by the defendant of 110 tons of cotton seed f. o. b. cars at Brookshire, Tex., and demanded payment for same as provided for in the contract and later amendment, to wit, $50 per ton for said seed, and asked in the same letter that defendant communicate immediately with plaintiff defendant's desires and intentions with reference to the disposition of said cotton seed; that said letter, although duly received, was not answered in any way by defendant; that on or about the 13th day of February, 1924, after waiting a reasonable length of time and not hearing from defendant or receiving any instructions from defendant with reference to the disposition of said cotton seed, plaintiff sold said seed on the open market for the best price obtainable and did realize and receive for said seed the sum of $29.65 per ton, the same being $20.35 per ton less the amount which defendant had contracted to pay for same, making a total loss to plaintiff because of the refusal of the defendant to carry out said contract of date November 7, 1923, in the sum of $1,628, less the amount of $500 heretofore received by plaintiff as above mentioned; plaintiff has informed defendant of his loss and demanded payment for same, but the defendant failed and refused and still fails and refuses to pay the same or any part thereof." The petition then prays for recovery on the two contracts in the aggregate sum of $1,528.50.

In addition to demurrer, exceptions, and general denial, appellee answered in the court below by special plea of res adjudicata and estoppel, in which it is averred in substance: That in a suit brought by appellee against appellant in the county court of Austin county, in which the issue of the breach by appellee of the written contract sued on in this case was raised by the pleadings and evidence, a verdict and judgment was rendered in favor of appellee; that by said verdict and judgment appellant was held to have breached the contract and appellee was adjudged a recovery of the $500 paid by it to appellant on said contract. The plea further avers:

"This defendant further shows to the court that in said court and in said cause the defendant, G. G. Baronian, in due time filed his motion for a new trial, which was heard and considered by the court and in all things overruled, to which said action of the court said defendant, G. G. Baronian, then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, but he did not file an appeal bond within the time required by law, and did not perfect his appeal; that he did not file a transcript and statement of facts, nor either of them, in the Court of Civil Appeals for the First Supreme Judicial District of Texas, and since more than six months have elapsed from the date of entry of said judgment of the county court of Austin county, Tex., the time within which to file the transcript and the statement of facts or either or both of them, has elapsed, and the same cannot now be filed, and for that reason the judgment rendered and entered by the county court of Austin county, Tex., in said cause in said term of court has became a final judgment, and the matters and issues that were tried and determined and finally settled in said cause cannot now here be litigated again, or at any other time in any other cause; and that the matters and issues in this cause were fully and finally adjudicated by the county court of Austin county, Tex., in the case of Sealy Oil & Manufacturing Company versus G. G. Baronian, No. 968."

When the case was called for trial in the court below on the request of appellant the appellee's plea of res adjudicata was first heard and determined by the court and the following judgment rendered thereon:

"On this the 4th day of October, A. D. 1927, the above styled and numbered cause came on to be heard. The defendant urged its general

demurrer and special exceptions to plaintiff's first-amended petition, and the plaintiff urged his exception to defendant's plea of res adjudicata and plea of estoppel, and the court indicated that it would take said exceptions with the case. Thereupon plaintiff requested the court to hear the plea of res adjudicata and the plea of estoppel based upon the plea of res adjudicata in limine, and the court, after having heard and considered the plea of res adjudicata and the doctrine of estoppel based upon the plea of res adjudicata in limine, doth find the following facts:

"(1) That the plaintiff, G. G. Baronian, instituted this suit in the district court of Waller county, Tex., on the 3d day of April, 1924. The original cause of action of the plaintiff was upon a written contract bearing date November, 1923.

"The court further finds that the defendant in said cause filed a plea of personal privilege in said cause and upon the hearing of said plea of personal privilege in said cause the court in said hearing then found as a fact that the status of plaintiff's cause of action as pleaded was founded upon a written contract bearing date November 7, 1923, which finding the plaintiff never thereafter assailed, but in his answer to the defendant's cause of action in the county court of Austin county, Tex., specifically stated that the two causes of action, the one by the plaintiff in the district court of Waller county, Tex., against the defendant herein, and the one by the defendant herein against the plaintiff in the county court of Austin county, Tex., was the same identical cause of action between the same and not different parties, and the plaintiff herein upon this hearing asserted that the cause of action as set up in his first original petition was not a new cause of action, but the same as alleged in his original petition in said cause, and the court having further found that all prior and contemporaneous parol agreements and engagements were merged into and became concluded by said written contract bearing date November 7, 1923; that plaintiff's cause of action was upon said written contract bearing date November 7, 1923.

"(2) The court further finds as a fact: That the defendant, Sealy Oil Mill & Manufacturing Company, filed a suit in the county court of Austin county, Tex., on the 19th day of March, 1923, upon the written contract bearing date November 7, 1923, for a recovery of the sum of $500, together with 6 per cent. interest due to the defendant, the Sealy Oil Mill Manufacturing Company, by the plaintiff, G. G. Baronian, by reason of his, the said G. G. Baronian, breaching said written contract bearing date November 7, 1923.

"The said G. G. Baronian, the plaintiff herein, appeared in said suit in the county court of Austin county, Tex., and filed his plea of personal privilege and the same was by the trial court sustained, to which action and the ruling of the court the said Sealy Oil Mill & Manufacturing Company duly appealed and perfected its appeal to the Court of Civil Appeals of the First Supreme Judicial District at Galveston, and said court then and there reversed said judgment upon said plea of privilege and rendered the same, holding that the county court of Austin county, Tex., had venue to try said cause of action. Thereafter, on the 17th day of February, 1926, said cause of action of the

Sealy Oil Mill & Manufacturing Company against the said G. G. Baronian came on for trial in the county court of Austin county, Tex., and upon a trial of the issues of said cause a judgment was rendered, holding and finding that the said G. G. Baronian had breached said written contract bearing date November 7, 1923, and that by reason thereof the said G. G. Baronian was bound and obligated to pay to said Sealy Oil Mill & Manufacturing Company the sum of $62.50, together with interest at the rate of 6 per cent. from said date. That thereafter the said G. G. Baronian filed his motion for a new trial, which was heard and considered by the court and in all things overruled to which the defendant in said cause, to wit, G. G. Baronian, gave notice of appeal, but never thereafter prosecuted his appeal therefrom, nor a writ of error therefrom, and, the time within which the same could be done having elapsed, said judgment of the county court of Austin county, Tex., finding that the defendant, G. G. Baronian, having breached said written contract bearing date November 7, 1923, and that the defendant was bound and obligated to pay to the Sealy Oil Mill & Manufacturing Company the sum of money as specified in said judgment for the breach thereof, became final and res adjudicata upon the question as to whether the plaintiff in this case or the defendant in this cause breached said written contract bearing date November 7, 1923.

"(3) And it further appearing to this court that this cause of action is based upon said written contract and a breach thereof by the defendant, Sealy Oil Mill & Manufacturing Company, which issue as to a breach of said contract had been previously and finally settled against the plaintiff, G. G. Baronian, in the county court of Austin county, Tex.

"(4) The court further finds that, if it be mistaken as to whether the oral contract dated or of date October 20, 1923, became merged into the written contract dated November 7, 1923, that it finds that the plaintiff's cause of action as based upon the contract dated November 7, 1923, is subject to and barred by the plea of res adjudicata and the plea of estoppel as based upon said plea of res adjudicata and that the amount in controversy upon said alleged contract of the date October 20, 1923, is of an amount below the jurisdiction of this court and is not cognizable in this court.

"Wherefore it is ordered, adjudged, and decreed by the court that the plaintiff, G. G. Baronian, take nothing by this suit, and that the defendant, Sealy Oil Mill & Manufacturing Company, recover of the defendant all costs in this behalf expended, to which action and ruling of the court the plaintiff, G. G. Baronian, then and there, in open court, excepted and gave notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District of Texas, at Galveston, Texas, and the plaintiff is hereby granted 90 days for the preparing and filing of the record in said cause.

"Approved: J. L. Manry, Judge Presiding."

The undisputed evidence fully supports all of the allegations of the plea and findings of the trial court as to the issues pleaded in the suit in the Austin county court and determined by the judgment in that suit.

■ It would serve no useful purpose and

would unnecessarily extend the length of this opinion to set out and discuss in detail the various propositions under which appellant assails the judgment of the trial court. His material objections to the judgment are that the plea of res adjudicata was improperly sustained, because the county court of Austin county was without jurisdiction to hear and determine appellant's cause of action in this suit, the amount involved being largely in excess of the jurisdiction of that court, and, this suit being one to recover on the written contract involved in the Austin county suit and also on an oral contract which was not involved in that suit, the two causes of action are not the same, and therefore the judgment in the former suit is not a bar to the cause of action asserted by appellant in this suit.

These objections to the judgment are without merit. Because the county court of Austin county was without jurisdiction to have entertained a plea in reconvention by appellant for the amount claimed by him in this suit in no way affects the validity and conclusiveness of its judgment upon the material issue involved in that suit as to whether appellee or appellant breached the written contract for the sale of the cotton seed, and appellant is precluded by that judgment from raising this issue in this suit.

■ The doctrine of res adjudicata or estoppel by judgment operates to preclude a litigant from raising an issue which has been previously raised and decided against him in a suit between the same parties by a court of competent jurisdiction. Old River Rice Irr. Co. v. Stubbs (Tex. Civ. App.) 168 S. W. 28.

The material and controlling issue in the Austin county suit was identical with the controlling issue in this suit. The respective contentions of the parties upon that issue were the same in both suits, and it is immaterial that appellant's contention in that suit was urged in defense of appellee's claim for damages, and the court was without jurisdiction to entertain a claim for damages by appellant in the amount claimed by him in this suit.

■ The trial court having properly sustained the plea of res adjudicata as to appellant's claim for damages for the alleged breach by appellee of the written contract for the purchase of cotton seed, and thereby eliminating that claim from the case, and the remaining claim asserted by appellee being for an amount below the jurisdiction of the court, the proper judgment, after sustaining the plea, would have been a judgment of dismissal for want of jurisdiction, but the judg-

ment that plaintiff take nothing by his suit has the same effect and is not res adjudicata of appellant's claim for damages for the alleged breach of the oral contract for the purchase of cotton seed.

We have considered all of appellant's propositions and in our opinion none of them should be sustained. It follows that the judgment should be affirmed, and it has been so ordered.

. Affirmed.

## On Motion for Rehearing.

■■ In his motion for rehearing appellant complains of the statement in our original opinion that "the undisputed evidence fully supports all of the allegations of the plea and the findings of the trial court as to the issues · pleaded in the suit in the Austin county court and determined by the judgment in that suit." The ground of this complaint presented in the motion is:

"There is no statement of facts in the record and there was no evidence introduced at the trial of this cause, and therefore to make such a holding is without a proper foundation."

It is true that there is no statement of facts accompanying the record, but the rule is well settled that, in the absence of a statement of facts, it will be presumed that there was evidence to sustain the fact findings of the trial court. We are not, however, dependent upon this rule to sustain the statement in our original opinion above quoted. The answer of appellee presenting the plea of res adjudicata with the exhibits thereto attached contains certified copies of the petition and answer in the suit in Austin county, the contract on which the suit was brought, the charge of the court, and the verdict and judgment rendered in that suit. While it does not appear from the record that these certified copies attached to the petition were formally introduced in evidence, they were before the court and were necessarily considered by the court as a basis for his fact findings in passing upon the plea, and these findings of fact are not attacked by any assignment of error on the ground that they are without evidence to support them or are against the weight and preponderance of the evidence.

In this state of the record we think our statement that the findings therein mentioned were supported by the undisputed evidence was fully justified. We have fully considered all of the grounds presented in appellant's motion and none of them can be sustained.

It follows that the motion must be overruled, and it has been so ordered.

Overruled.