### ANDRUS et al. v. REMMERT et al.
### No. 10611.

Court of Civil Appeals of Texas. Galveston. Sept. 29, 1938.

Rehearing Denied Oct. 20, 1938.

Robt. L. Sonfield, Miles Strickland, and W. P. Neblett, all of Houston, for appellants.

Searcy & Hodde, of Brenham, C. D. Duncan, of Bellville, and K. W. Gilmore, of Houston (R. E. Seagler, of Houston, of counsel), for appellees.

GRAVES, Justice.

The appellants, as the heirs at law of A. B. Stone, Sr., deceased, alleging themselves to be owners of an undivided one-third interest therein, and the appellees to be the owners of the remaining undivided two-thirds thereof, sued the latter for partition of a 419 by 160-foot tract of land out of the Stone, Sr., 200-acre homestead in the W. C. White league in Austin County, except such small part in the approximate center of this 419 by 160-foot parallelogram as had constituted "the present burying ground", as set apart for that purpose by Stone, Sr., in paragraph "Fourthly" of his will; the specific piece of land they thus sought to have divided was shown upon a plat thereof attached to their pleadings, and which appears at several places in the record, to lie on three sides of what they claim constituted the Stone cemetery, and was designated as lying between the marked letters on the plat of "A, B, C, D, and E, F, G, H", that portion of the encompassing parallelogram enclosed within the

lines described by the letters "A, D, G, C," not being sought to be so partitioned.

They declared that the tract involved had never been partitioned between the heirs and owners down under him of A. B. Stone, Sr., deceased, that it had never either been intended by him to be, nor had in fact been, any part of the cemetery so provided for in his will, which actual cemetery had been a much smaller piece of ground lying within such larger and encompassing parallelogram—that is, the small central portion thereof enclosed within their platted letters of "A, D, G, C", as above recited.

They further charged in the alternative, however, that if this tract they desired so partitioned had ever constituted any part of the Stone cemetery referred to, that is, of "the present burying ground" as specified in the 4th paragraph of Stone, Sr.'s will, it had long since been abandoned as such, hence was subject to coveted partition.

The learned trial court at great length and evidently with much patience heard the whole cause upon both the facts and the law, and denied all appellants' contentions, rendering judgment that they take nothing thereunder; it supported that determination with very full findings of both fact and law, in which it was found and decreed that the whole of the 419 by 160-foot parallelogram of land—inclusive of that so marked by appellants' letters "A, D, G, C", as not being sought to be partitioned—had originally been reserved by Stone, Sr., in paragraph 4 of his will as "the present burying ground", that it had been, following his death, so recognized by all those entitled to his estate, had been partitioned then as such, had always since that time been so recognized and used up to the time of this trial, was still being so used, and had never been at any time abandoned as such cemetery.

■ This court has painstakingly examined this extensive record, inclusive of the statement of facts, and is unable to find any lack of support for any of the conclusions of either fact or law as so arrived at by the trial court; upon the contrary, it seems to it to be demonstrable that no other judgment than the one so rendered against them could have been properly entered upon appellants' own pleadings and proof; in other words, they themselves declared upon Stone, Sr.'s, will, and upon the partition thereunder decreed by the probate court of Austin County in 1883, and set up all the material transactions subsequent thereto between those who had then been entitled to his estate, and by the proceedings they thus made their own they conclusively demonstrated that this entire 419 by 160-foot tract of land had always been a part of "the present burying ground", as mentioned in the 4th paragraph of Stone's will, that what was meant by that declaration therein by him had been finally and competently established in the Austin County probate court partition decree in 1883, distributing among the proper owners thereof all of Stone's 200-acre homestead, except such "burying ground" as so constituted, which was excluded; thus they themselves succeeded in establishing that "the present burying ground", as referred to in A. B. Stone, Sr.'s, will, meant this plot of ground—419 by 160 feet —which had been excluded from distribution among those entitled thereto in the original partition of this 200-acre homestead in 1883, and that it thus included the land sued for by them in this partition proceeding.

■ That being true, the only remaining issue appellants could have raised was whether or not the evidence as a whole showed, as a matter of law, that the residue of that parallelogram they sought to have subjected to a partition now had been, subsequently to its having been so set apart as a cemetery, abandoned as such; but the trial court, as a part of the stated findings and conclusions, determined that issue also specifically against them, and there is likewise no sort of lack of support thereof.

In this connection appellants are mistaken in their contention that the court below found as facts and conclusions of law all of their additionally requested findings of both kinds, the record showing that of them only these were actually found:

"Findings of Fact.

"1. I find that as a matter of fact in the last will and testament of A. B. Stone, Sr., deceased, there was provided in said will that the whole of said 200 acres of land should be divided between his sons, W. B. Stone and George F. P. Stone, 'except one acre embracing the present burying ground. I reason and hold in my own name and right, free from sale or transfer for all time to come.'

"2. I find as a fact that the term 'present burying ground', its location and its boundaries were defined and established in the matter of the partition suit and particularly in the report of commissioners of par-

tition in the matter of partition of the estate of A. B. Stone, Sr., deceased.

## "Conclusions of Law.

"1. That, although in paragraph 'Fourthly' of the Will of A. B. Stone, Sr., it is provided that 'Except one acre embracing the present burying ground. I reason and hold in my own name and right, free from sale or transfer for all time to come', it was not the intention of the said A. B. Stone, Sr., to set apart and except 'one acre', but to except and set aside 'the present burying ground'. The words of description of 'except one acre' are not words of themselves of certainty as to quantity and form, and may not be so regarded in the light of the words immediately following of 'embracing the present burying ground.' The words 'embracing the present burying ground' were used as a method of ascertaining and identifying the said burying ground. It was his intention to describe a particular tract or lot; that is, 'the present burying ground', rather than a particular quantity of land.

"2. I conclude as a matter of law that the judgment, approving the report of commissioners of partition in the matter of the estate of A. B. Stone, Sr., deceased, in the County Court of Austin County, Texas, in the year 1883, constituted a judicial determination of the quantity, the extent, the location and the boundaries of what is known as the 'present burying ground' as referred to in the will of A. B. Stone, Sr., deceased.

"3. I conclude as a matter of law that the plaintiffs in this cause, claiming under such judgment of partition, are estopped to relitigate such judicial ascertainment as determined in the matter of the partition of the estate of A. B. Stone, Sr., deceased.

"M. C. Jeffrey,
"Judge, 22nd Judicial District of Texas."

These findings and conclusions alone, to say nothing of the much more extended ones referred to supra, are deemed sufficient to support the judgment adverse to the appellants. It would therefore serve no useful purpose to further extend this discussion, but these authorities are cited as sustaining the learned trial court's decree and this opinion thereon:

That the Probate Proceedings constituted res adjudicata and estoppel against appellants: Rio Bravo Oil Co. v. Hebert, Tex.Sup., 106 S.W.2d 242; Stefka v. Law-rence, Tex.Civ.App., 7 S.W.2d 894; Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039; Baronian v. Sealy Oil Mill & Mfg. Co., Tex.Civ.App., 9 S.W.2d 292; Warren v. Houston Oil Co., Tex.Com.App., 6 S.W.2d 341; Old River Rice Co. v. Stubbs, Tex.Civ.App., 168 S.W. 28; Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; Farias v. Clements, Tex.Civ. App., 99 S.W.2d 1018.

There having been such binding prior adjudication of the cemetery's boundaries and no subsequent abandonment of it, that the judgment was the only proper one: Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449; Jones v. Griffith, Tex.Civ.App., 109 S.W. 2d 565; Hays v. Stone, 36 Tex. 181; Baker v. Coleman Abstract Co., Tex.Civ.App., 248 S.W. 412; Ferguson v. Kuehn, Tex.Civ. App., 246 S.W. 674; Crowley v. Chapman, Tex.Civ.App., 260 S.W. 231; Hicks v. Armstrong, Tex.Civ.App., 142 S.W. 1195; Stark v. George, Tex.Civ.App., 237 S.W. 948.

It follows that an affirmance should enter; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.